```
 _____
|  ✓  FILED      ___ LODGED  |
|  ___ RECEIVED  ___ COPY    |
|                            |
|        SEP 1 6 2014        |
|                            |
|   CLERK U S DISTRICT COURT |
|      DISTRICT OF ARIZONA   |
|   BY_____ DEPUTY|
|_____|
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-14-8164-PCT-DGC (MHB) |
| Plaintiff, | |
| vs. | **INDICTMENT** |
| Gary Steven Christensen, | VIO: 26 U.S.C. § 7201<br>(Evasion of Assessment)<br>Counts 1-7 |
| Defendant. | 26 U.S.C. § 7206(1)<br>(Filing False Return)<br>Counts 8-12 |
| | 26 U.S.C. § 7203<br>(Willful Failure To File Return)<br>Counts 13-14 |

THE GRAND JURY CHARGES:

## **INTRODUCTION**

At all times material to this Indictment:

1.     The defendant, GARY STEVEN CHRISTENSEN, was a resident of Flagstaff, Arizona. CHRISTENSEN was an anesthesiologist and a founding member of Forest Country Anesthesia (FCA), an anesthesiology practice in Flagstaff.

2.     On or about June 1, 1984, CHRISTENSEN registered Gary S. Christensen, MD, PC, (MDPC) as a professional corporation in Arizona. Until 2003, CHRISTENSEN used this business entity and an associated checking account to receive his income from FCA.

3.     On October 28, 2003, CHRISTENSEN instructed FCA's payroll accountant to direct his earnings to "GSC00 Club" instead of MDPC. CHRISTENSEN's

subsequent payroll checks were either negotiated for cash or deposited into a GSC00 Club bank account, with CHRISTENSEN as the only authorized signor for the account. CHRISTENSEN also used his position in FCA—including serving as director and treasurer—to ensure that his income from FCA was not reported to the Internal Revenue Service (IRS) on a Form W-2 (wages) or a Form 1099-MISC (miscellaneous income).

4.     During 2004 through 2010, CHRISTENSEN used GSC00 Club to conceal from the IRS approximately $2,100,163 in income from FCA, and to evade the assessment and payment of approximately $562,083 in federal income taxes.

5.     To conceal his tax evasion, CHRISTENSEN continued to prepare and file with the IRS corporate tax returns and individual tax returns reporting income for his investment activities and other business ventures, including income tax returns for MDPC. On these returns, CHRISTENSEN did not report to the IRS his income from FCA, which was his largest source of income.

## COUNT ONE
(Evasion of Assessment)
26 U.S.C. § 7201

6.     The factual allegations in paragraphs 1 through 5 above are incorporated by reference and re-alleged as though set forth fully herein.

7.     During the calendar year 2004, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received approximately $229,305 in taxable income from FCA. Upon that taxable income, there was owing to the United States of America, an income tax of approximately $39,609. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the approximate income tax owed, CHRISTENSEN did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by committing the following affirmative acts of evasion, among others:

a.   Throughout the year, CHRISTENSEN caused his payroll checks to be paid to GSC00 Club, and he caused the checks to be deposited in a GSC00 Club bank account under his control.

b.   Throughout the year, CHRISTENSEN used the GSC00 Club bank account to pay for personal expenses.

c.   Throughout the year, CHRISTENSEN conducted cash transactions to conceal his income. CHRISTENSEN withdrew $14,555.53 in currency via "less cash" deposits in 2004 when depositing payroll checks into his GSC00 Club bank account.

d.   CHRISTENSEN used his position in FCA to ensure that FCA did not issue a Form 1099-MISC or Form W-2 for reporting his income to the IRS.

e.   On or about September 20, 2005, CHRISTENSEN filed with the IRS a U.S. Income Tax Return for an S Corporation, Form 1120S, which reported a loss for MDPC for 2004 and concealed CHRISTENSEN's significant income from FCA.

f.   On or about October 2, 2008, CHRISTENSEN filed with the IRS a U.S. Individual Income Tax Return, Form 1040, which falsely stated that he had no wages or business income for 2004.

All in violation of 26 U.S.C. § 7201.

**COUNT TWO**
(Evasion of Assessment)
26 U.S.C. § 7201

8.    The factual allegations in paragraphs 1 through 7 above are incorporated by reference and re-alleged as though set forth fully herein.

9.    During the calendar year 2005, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received approximately $266,333 in taxable income from FCA. Upon that taxable income, there was owing to the

1   United States of America, an income tax of approximately $69,400. Well knowing the

2   foregoing facts, and failing to make an income tax return on or before April 15, 2006, as

3   required by law, to any proper officer of the Internal Revenue Service, and pay to the

4   Internal Revenue Service the approximate income tax owed, CHRISTENSEN did

5   willfully attempt to evade and defeat the income tax due and owing by him to the United

6   States of America for the calendar year by committing the following affirmative acts of

7   evasion, among others:

8        a.    Throughout the year, CHRISTENSEN caused his payroll checks to

9             be paid to GSC00 Club, and he caused the checks to be deposited in

10            a GSC00 Club bank account under his control.

11       b.    Throughout the year, CHRISTENSEN used the GSC00 Club bank

12            account to pay for personal expenses.

13       c.    Throughout the year, CHRISTENSEN conducted cash transactions

14            to conceal his income. CHRISTENSEN withdrew $55,500.00 in

15            currency via "less cash" deposits in 2005 when depositing payroll

16            checks into his GSC00 Club bank account.

17       d.    CHRISTENSEN used his position in FCA to ensure that FCA did

18            not issue a Form 1099-MISC or Form W-2 for reporting his income

19            to the IRS.

20       e.    On or about September 18, 2006, CHRISTENSEN filed with the

21            IRS a U.S. Income Tax Return for an S Corporation, Form 1120S,

22            which reported $2,877 in business income for MDPC for 2005 and

23            concealed CHRISTENSEN's significant income from FCA.

24       f.    On or about October 2, 2008, CHRISTENSEN filed with the IRS a

25            U.S. Individual Income Tax Return, Form 1040, which falsely stated

26            that he had no wages or business income for 2005.

27  All in violation of 26 U.S.C. § 7201.

28

## COUNT THREE
(Evasion of Assessment)
26 U.S.C. § 7201

10.     The factual allegations in paragraphs 1 through 9 above are incorporated by reference and re-alleged as though set forth fully herein.

11.     During the calendar year 2006, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received approximately $299,794 in taxable income from FCA. Upon that taxable income, there was owing to the United States of America, an income tax of approximately $82,940. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2007, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the approximate income tax owed, CHRISTENSEN did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by committing the following affirmative acts of evasion, among others:

      a.     Throughout the year, CHRISTENSEN caused his payroll checks to be paid to GSC00 Club, and he caused the checks to be deposited in a GSC00 Club bank account under his control.

      b.     Throughout the year, CHRISTENSEN used the GSC00 Club bank account to pay for personal expenses.

      c.     Throughout the year, CHRISTENSEN conducted cash transactions to conceal his income. CHRISTENSEN withdrew $61,000.00 in currency via "less cash" deposits in 2006 when depositing payroll checks into his GSC00 Club bank account.

      d.     CHRISTENSEN used his position in FCA to ensure that FCA did not issue a Form 1099-MISC or Form W-2 for reporting his income to the IRS.

      e.     On or about October 9, 2007, CHRISTENSEN filed with the IRS a U.S. Income Tax Return for an S Corporation, Form 1120S, which

reported $6,944 in business income for MDPC for 2006 and concealed CHRISTENSEN's significant income from FCA.

  f. On or about October 2, 2008, CHRISTENSEN filed with the IRS a U.S. Individual Income Tax Return, Form 1040, which falsely stated that he had no wages or business income for 2006.

All in violation of 26 U.S.C. § 7201.

## COUNT FOUR
(Evasion of Assessment)
26 U.S.C. § 7201

12. The factual allegations in paragraphs 1 through 11 above are incorporated by reference and re-alleged as though set forth fully herein.

13. During the calendar year 2007, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received approximately $351,526 in taxable income from FCA. Upon that taxable income, there was owing to the United States of America, an income tax of approximately $89,400. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2008, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the approximate income tax owed, CHRISTENSEN did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by committing the following affirmative acts of evasion, among others:

  a. Throughout the year, CHRISTENSEN caused his payroll checks to be paid to GSC00 Club, and he caused the checks to be deposited in a GSC00 Club bank account under his control.

  b. Throughout the year, CHRISTENSEN used the GSC00 Club bank account to pay for personal expenses.

  c. Throughout the year, CHRISTENSEN conducted cash transactions to conceal his income. CHRISTENSEN withdrew $87,000.00 in

currency via "less cash" deposits in 2007 when depositing payroll checks into his GSC00 Club bank account.

d.   CHRISTENSEN used his position in FCA to ensure that FCA did not issue a Form 1099-MISC or Form W-2 for reporting his income to the IRS.

e.   On or about September 16, 2008, CHRISTENSEN filed with the IRS a U.S. Income Tax Return for an S Corporation, Form 1120S, which reported $8,820 in business income for MDPC for 2007 and concealed CHRISTENSEN's significant income from FCA.

f.   On or about November 19, 2008, CHRISTENSEN filed with the IRS a U.S. Individual Income Tax Return, Form 1040, which falsely stated that he had no wages or business income for 2007.

All in violation of 26 U.S.C. § 7201.

## COUNT FIVE
(Evasion of Assessment)
26 U.S.C. § 7201

14.   The factual allegations in paragraphs 1 through 13 above are incorporated by reference and re-alleged as though set forth fully herein.

15.   During the calendar year 2008, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received approximately $302,624 in taxable income from FCA. Upon that taxable income, there was owing to the United States of America, an income tax of approximately $87,883. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2009, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the approximate income tax owed, CHRISTENSEN did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by committing the following affirmative acts of evasion, among others:

a.  Throughout the year, CHRISTENSEN caused his payroll checks to be paid to GSC00 Club, and he caused the checks to be deposited in a GSC00 Club bank account under his control.

b.  Throughout the year, CHRISTENSEN used the GSC00 Club bank account to pay for personal expenses.

c.  Throughout the year, CHRISTENSEN conducted cash transactions to conceal his income. In addition, CHRISTENSEN withdrew $108,000.00 in currency via "less cash" deposits in 2008 when depositing payroll checks into his GSC00 Club bank account.

d.  CHRISTENSEN used his position in FCA to ensure that FCA did not issue a Form 1099-MISC or Form W-2 for reporting his income to the IRS.

e.  On or about July 30, 2008, CHRISTENSEN falsely told his tax return preparer representative, W.W., that for tax years 2004 through 2007, his anesthesiology income was paid to an entity that paid any taxes due on his income, and then paid his living expenses with any remaining funds.

f.  On or about September 24, 2009, CHRISTENSEN filed with the IRS a U.S. Income Tax Return for an S Corporation, Form 1120S, which reported a loss for MDPC for 2008 and concealed CHRISTENSEN's significant income from FCA.

g.  On or about December 11, 2009, CHRISTENSEN filed with the IRS a self-prepared U.S. Individual Income Tax Return, Form 1040, which falsely stated that he had no wages or business income for 2008.

All in violation of 26 U.S.C. § 7201.

## COUNT SIX
(Evasion of Assessment)
26 U.S.C. § 7201

16.    The factual allegations in paragraphs 1 through 15 above are incorporated by reference and re-alleged as though set forth fully herein.

17.    During the calendar year 2009, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received approximately $317,626 in taxable income from FCA. Upon that taxable income, there was owing to the United States of America, an income tax of approximately $91,307. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2010, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the approximate income tax owed, CHRISTENSEN did willfully attempt to evade and defeat the income tax due and owing by him to the United State of America for the calendar year by committing the following affirmative acts of evasion, among others:

      a.    Throughout the year, CHRISTENSEN caused his payroll checks to be paid to GSC00 Club, and he caused the checks to be deposited in a GSC00 Club bank account under his control.

      b.    Throughout the year, CHRISTENSEN used the GSC00 Club bank account to pay for personal expenses.

      c.    Throughout the year, CHRISTENSEN conducted cash transactions to conceal his income. In addition, CHRISTENSEN withdrew $144,917.62 in currency via "less cash" deposits in 2009 when depositing payroll checks into his GSC00 Club bank account.

      d.    CHRISTENSEN used his position in FCA to ensure that FCA did not issue a Form 1099-MISC or Form W-2 for reporting his income to the IRS.

      e.    On or about September 16, 2010, CHRISTENSEN filed with the IRS a U.S. Income Tax Return for an S Corporation, Form 1120S,

which reported a loss for MDPC for 2009 and concealed CHRISTENSEN's significant income from FCA.

All in violation of 26 U.S.C. § 7201.

## COUNT SEVEN
(Evasion of Assessment)
26 U.S.C. § 7201

18.    The factual allegations in paragraphs 1 through 17 above are incorporated by reference and re-alleged as though set forth fully herein.

19.    During the calendar year 2010, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received approximately $332,955 in taxable income from FCA. Upon that taxable income, there was owing to the United States of America, an income tax of approximately $101,544. Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2011, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the approximate income tax owed, CHRISTENSEN did willfully attempt to evade and defeat the income tax due and owing by him to the United State of America for the calendar year by committing the following affirmative acts of evasion, among others:

a.    Throughout the year, CHRISTENSEN caused his payroll checks to be paid to GSC00 Club, and he caused the checks to be deposited in a GSC00 Club bank account under his control.

b.    Throughout the year, CHRISTENSEN used the GSC00 Club bank account to pay for personal expenses.

c.    Throughout the year, CHRISTENSEN conducted cash transactions to conceal his income. In addition, CHRISTENSEN withdrew $90,020.08 in currency via "less cash" deposits in 2010 when depositing payroll checks into his GSC00 Club bank account.

d.       CHRISTENSEN used his position in FCA to ensure that FCA did not issue a Form 1099-MISC or Form W-2 for reporting his income to the IRS.

All in violation of 26 U.S.C. § 7201.

### COUNTS EIGHT THROUGH TWELVE
(Filing False Return)
26 U.S.C. § 7206(1)

20.       The factual allegations in paragraphs 1 through 19 above are incorporated by reference and re-alleged as though set forth fully herein.

21.       On or about the dates listed below, in the District of Arizona and elsewhere, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, did willfully make and subscribe U.S. Individual Income Tax Returns on Form 1040, which were verified by a written declaration that they were made under penalty of perjury and which were filed with the IRS, knowing that the income tax returns falsely underreported CHRISTENSEN's gross income in the approximate amounts listed below, with each instance being a separate count of this Indictment.

| Count | Tax Year | Signature Date | Unreported Gross Income |
|-------|----------|----------------|-------------------------|
| 8 | 2004 | September 21, 2008 | $229,305 |
| 9 | 2005 | September 21, 2008 | $266,333 |
| 10 | 2006 | September 21, 2008 | $299,794 |
| 11 | 2007 | November 4, 2008 | $351,526 |
| 12 | 2008 | October 14, 2009 | $302,624 |

All in violation of 26 U.S.C. § 7206(1).

### COUNT THIRTEEN
(Willful Failure To File Return)
26 U.S.C. § 7203

22.       The factual allegations in paragraphs 1 through 21 above are incorporated by reference and re-alleged as though set forth fully herein.

23.     During the calendar year 2009, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received gross income of approximately $317,626. By reason of such gross income, he was required by law to make an income tax return to the IRS on or before April 15, 2010, stating his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2010, in the District of Arizona and elsewhere, to make an income tax return.

All in violation of 26 U.S.C. § 7203.

### COUNT FOURTEEN
(Willful Failure To File Return)
26 U.S.C. § 7203

24.     The factual allegations in paragraphs 1 through 23 above are incorporated by reference and re-alleged as though set forth fully herein.

25.     During the calendar year 2010, defendant GARY STEVEN CHRISTENSEN, a resident of Flagstaff, Arizona, had and received gross income of approximately $332,955. By reason of such gross income, he was required by law to make an income tax return to the IRS on or before April 15, 2011, stating his gross income and any deductions and credits to which he was entitled. Well knowing and believing all of the foregoing, he did willfully fail, on or about April 15, 2011, in the District of Arizona and elsewhere, to make an income tax return.

All in violation of 26 U.S.C. § 7203.

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: September 16, 2014

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/
PETER S. SEXTON
JAMES R. KNAPP
Assistant U.S. Attorneys

- 12 -