**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                     Plaintiff,<br><br>v.<br><br>Gary Steven Christensen,<br><br>                     Defendant. | CR-14-8164-PCT-DGC (MHB)<br><br>**ORDER** |

The Court held a conference with the parties on March 22, 2016. During the conference, the Court and the parties addressed the government's amended motion in limine and Defendant's response. Docs. 41, 44. The Court entered and enters the following orders.

    **A.**    **Motion Part A.**

The government argues that Defendant should be precluded from presenting evidence or argument regarding the tax code, and should be limited to materials he reviewed before 1997 when presenting legal materials upon which he allegedly relied. The Court discussed this argument with the parties. Both sides agree that it is the Court's role to instruct the jury on the tax law that applies to this case. Both sides agree that it would be improper for Defendant to present evidence or argument to persuade the jury that the law is different than the Court's instructions. Both sides also agree, however, that Defendant's violation of the tax law must be willful and Defendant can present

1 evidence to rebut willfulness.  Thus, "[a]lthough a district court may exclude evidence of
2 what the law *is* or *should be*, it ordinarily cannot exclude evidence relevant to the jury's
3 determination of what a defendant *thought the law was*[.]"  *United States v. Powell*, 955
4 F.2d 1206, 1214 (9th Cir. 1992) (emphasis in original, citations omitted).  Because
5 Defendant is charged with violating tax laws in 2003 through 2010 (Doc. 7), his
6 willfulness during those years is relevant and he may present legal materials upon which
7 he actually relied in forming his views during those years.

8 Because Defendant agrees that he cannot present evidence or argument regarding
9 what the tax law *is*, and his reliance on legal materials after 1997 could be relevant to the
10 charges in this case, the Court denied the government's motion in limine.  To admit legal
11 materials in evidence, Defendant will need to present evidence that he actually relied on
12 the materials in forming his views of the tax laws during the relevant time periods in the
13 indictment.

14 **B. Motion Part B.**

15 The government moves to exclude testimony from lay witnesses about the nature
16 or sincerity of Defendants' beliefs and about their own views of the tax laws.  Defendant
17 stated during the conference that he does not intend to call lay witnesses to testify about
18 their own view of the tax laws.  He may call a witness who had many conversations with
19 Defendant about Defendant's tax position.

20 The government expresses concern that any testimony about conversations a
21 witness had with Defendant would include hearsay, but this is not necessarily true.  If a
22 witness were to quote Defendant as having said "I genuinely believe that I am not subject
23 to the tax laws," it likely would be hearsay – an out-of-court statement by Defendant
24 presented for the truth of the matter asserted (Defendant's genuine belief).  If the witness
25 were to quote Defendant as having said "I am not subject to the tax laws," the statement
26 would not be presented for the truth of the matter asserted (that Defendant is not subject
27 to the tax laws), but to establish Defendant's view of the tax laws, and therefore may not
28 be hearsay.  The Court concluded during the conference that these hearsay issues must be

addressed question-by-question during the trial.

The government also argues that lay witness testimony about Defendant's knowledge or belief may be speculative and unhelpful to the jury. True, but this too is a decision that must be made at trial. The Court provides the following for guidance as these issues are encountered.

"Lay opinion testimony is not inadmissible solely because it addresses the ultimate issue in the case." 4-701 Weinstein's Federal Evidence § 701.05 (collecting cases); *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001) ("A lay witness may testify as to an ultimate issue of fact, so long as the testimony is otherwise admissible. The lay witness may not, however, testify as to a legal conclusion, such as the correct interpretation of a contract.") (citation omitted). "Courts may properly be wary, however, of admitting lay opinion testimony when its sole function is to answer the same question that the trier of fact is to consider in its deliberations. Such testimony may be excluded as unhelpful." 4-701 Weinstein's Federal Evidence § 701.05 (collecting cases).

The Court finds this guidance from one of its previous rulings to be helpful:

> In ruling on the admissibility of lay opinions at trial, therefore, the Court will ask whether the opinions provide a benefit to the jury other than simply suggesting how the jury should evaluate the evidence. If an opinion is based on the unique perspective of the witness, as established through adequate foundation, and reflects a perspective that would not be available to the jury merely by hearing a recitation of the facts, the Court likely will conclude that the opinion is helpful and admissible. If, however, the jury is as capable of drawing a conclusion as the witness once the basic facts are known, the opinion likely will be deemed unhelpful and inadmissible.

*United States v. Windley*, No. CR-10-660-2-PHX-DGC, 2012 WL 2813859, at *5 (D. Ariz. July 10, 2012).

"Lay opinion does not assist the trier of fact" when "[t]he testimony relates to an issue, such as credibility of witnesses, that is usually reserved exclusively to the trier of fact for decision" or "[t]he testimony merely tells the trier of fact how to decide the case." 4-701 Weinstein's Federal Evidence § 701.03[3] (collecting cases); *United States v.*

*Sanchez-Lima*, 161 F.3d 545, 548-49 (9th Cir. 1998) ("It is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience.  Testimony regarding a witness' credibility is prohibited unless it is admissible as character evidence.") (citations omitted); *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059-60 (9th Cir. 2008) ("In general, testimony that simply tells the jury how to decide is not considered 'helpful' as lay opinion.") (quotation marks, alterations, and citations omitted).

Because Defendant will not present witnesses to testify about their views of the tax laws, and the government's other concerns must be addressed during the course of trial, the Court will deny Part B of the government's motion.

### C. Motion Part C.

The government argues that Defendant should not be permitted to present tax protestor material.  This issue is largely addressed in Part A above.  Defendant will be permitted to present evidence of material he actually relied upon, during the relevant time periods, to form the views that he claims negate willfulness.  These materials apparently are in video form.  The Court urges the parties to agree on the portions of the videos that will be shown to the jury and sent to the jury room.  Because this issue is adequately addressed in Part A above, the Court will deny this portion of the government's motion.

### D. Motion Part D.

The government asks the Court to preclude defense counsel from cross-examining government witnesses about the origin, nature, or state of the tax laws.  Defense counsel clearly could not do so if the purpose was to persuade the jury that the law is something other than as stated in the Court's instructions.  Defendant asserted at the conference, however, that his questions will be designed to show that the tax code is long and complex, and sometimes ambiguous, not for the purpose of persuading the jury that Defendant views the tax code correctly, but for the purpose of showing that it is possible to form a mistaken but good faith belief of what the tax laws require.  The Court cannot decide at this stage whether Defendant's cross-examination will be admissible or

inadmissible. That issue must be addressed question-by-question during trial. As a result, the Court denied Part D of the government's motion.

### E.     Motion Part E.

The government asks the Court to fashion jury instructions that tell the jury what the tax law is and remind them that they cannot substitute their own views about the state or propriety of the law. The Court and parties agreed that these issues should be addressed when final jury instructions are settled. The Court therefore denied this portion of the motion in limine.

**IT IS ORDERED** that the government's motion in limine (Doc. 41) is **denied** for the reasons set forth above. The Court will, however, seek to apply the guidance set forth in this order during trial.

Dated this 24th day of March, 2016.

_____
David G. Campbell
United States District Judge