**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-08164-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Gary Steven Christensen, | |
| Defendant. | |

On September 16, 2014, a grand jury indicted Defendant Gary Steven Christensen on seven counts of evading tax assessment in violation of 26 U.S.C. § 7201, five counts of filing a false return in violation of 26 U.S.C. § 7206(l), and two counts of willful failure to file a return in violation of 26 U.S.C. § 7203. Doc. 1. On March 31, 2016, Dr. Christensen filed a pro per motion seeking to dismiss the indictment for lack of subject matter or personal jurisdiction. Doc. 55.[1] The motion has been fully briefed. Docs. 60, 63. Because Dr. Christensen's arguments clearly lack merit, the Court will deny the motion without a hearing. *See United States v. Marks*, 530 F.3d 799, 809, 811 (9th Cir. 2009).

Dr. Christensen argues that the indictment is defective because it fails to establish subject matter jurisdiction. Congress has provided, however, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of

---

[1] During a case management conference on March 22, 2016, the Court informed defense counsel that Defendant could file this pro per motion.

all offenses against the laws of the United States." 18 U.S.C. § 3231.  The indictment in this case charges several offenses against the laws of the United States, including violations of 26 U.S.C. §§ 7201, 7203, and 7206(1).  Doc. 1.  Nothing more is needed for subject matter jurisdiction.  *Marks*, 530 F.3d at 810; *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.  That's the beginning and the end of the 'jurisdictional' inquiry.").

Dr. Christensen also argues the Court lacks personal jurisdiction over him, but a federal district court has personal jurisdiction over any defendant who is brought before it on a federal indictment charging a violation of federal law.  *Marks*, 530 F.3d at 811 ("'It is well settled that a district court has *personal* jurisdiction over any party who appears before it, regardless of how his appearance was obtained.'") (quoting *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) (emphasis in *Marks*)).  Because Dr. Christensen was brought before this Court pursuant to a federal indictment charging violations of federal law, the Court has personal jurisdiction over him.

Dr. Christensen also argues that the indictment fails to establish "territorial jurisdiction."  Doc. 55.  To the extent this is an objection to venue, federal law provides that unless a statute or the Federal Rules of Criminal Procedure provide otherwise, "the government must prosecute an offense in a district where the offense was committed."  Fed. R. Crim. P. 18; *see* 18 U.S.C. 3232.  The indictment alleges that the charged offenses were committed in Arizona.  Venue is therefore proper.

Dr. Christensen relies heavily on an affidavit attached to his motion.  The affidavit asserts that although Dr. Christensen is a citizen of Arizona, "for Federal Tax Purposes, I am a payee that is a U.S. Person"; although his income is sourced in the Arizona, "for Federal Tax Purposes, my income is sourced within the United States"; although he is domiciled in Arizona, "for Federal Tax Purposes, I am domiciled in the United States"; and although his property is located in Arizona, "for Federal Tax Purposes, my property

is in the United States." Doc. 55-1. Dr. Christensen does not explain the jurisdictional relevance of these assertions, and the Court sees none. Dr. Christensen is charged with offenses against the laws of the United States, he has been brought before this Court by indictment, and he is alleged to have committed the charged offenses in Arizona. These facts are sufficient to confer subject matter and personal jurisdiction on the Court, and venue is proper in the District of Arizona. Dr. Christensen's assertions that he is a "U.S. Person" whose income is sourced within the "United States" and whose domicile and property are within the "United States" do not alter these conclusions.

**IT IS ORDERED** that Dr. Christensen's motion to dismiss (Doc. 55) is **denied.**

Dated this 25th day of April, 2016.

_____
David G. Campbell
United States District Judge