**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-08164-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Gary Steven Christensen, | |
| Defendant. | |

On March 31, 2016, Dr. Christensen filed a pro per motion seeking to dismiss the indictment for lack of subject matter or personal jurisdiction. Doc. 55. The Court found that Dr. Christensen's arguments were clearly without merit, and dismissed the motion. Doc. 72. Dr. Christensen has filed a new pro per motion, asking for the Court to vacate its prior order. Doc. 78. The Court will deny the motion without additional briefing and without a hearing. *See United States v. Marks*, 530 F.3d 799, 809, 811 (9th Cir. 2009).

Dr. Christensen argues that the Court erred in dismissing his argument that the government has not established "territorial jurisdiction" in this case. He notes that some criminal statutes – for example, those prohibiting certain conduct on a federal Indian reservation or on the high seas – require the government to prove that the act occurred at the relevant location. *Id.* at 3 (citing *United States v. Zepeda*, 705 F.3d 1052, 1062 (9th Cir. 2013)). He goes on to object that "neither the [government] nor this Court provided the record with any facts proving that the Federal laws I am accused of violating have any force and effect within the territorial boundaries of the state of Arizona." Doc. 78 at 7.

1    But as Dr. Christensen himself notes, federal law provides that "all citizens of the United States, *wherever resident* . . . are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States." 26 C.F.R. § 1.1-1(b) (emphasis added). That means that all citizens of the United States are subject to the Internal Revenue Code, no matter where they live. *See Jibilian v. United States*, 174 F. App'x 576, 577 (Fed. Cir. 2006) ("Section 1(a) of the Internal Revenue Code, 26 U.S.C. § 1(a), imposes an income tax on the income of all citizens of the United States."). It is simply irrelevant where the citizen resides.

Dr. Christensen presents a number of new arguments. First, he argues that federal tax law applies only to (1) citizens residing or doing business abroad; (2) foreign taxpayers deriving income from sources within the United States; and (3) citizens who make certain payments to nonresident aliens and foreign corporations. Doc. 78 at 9-10. This argument is frivolous. The Internal Revenue Code applies to "all income from whatever source derived." 26 U.S.C. § 61(a); *see Jibilian*, 174 F. App'x at 577.

Dr. Christensen proceeds to argue that the Internal Revenue Service exceeded its authority by initiating this action. That argument is frivolous. *See* 26 C.F.R. § 601.101 ("The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue.").

Next, Dr. Christensen argues that the government has not alleged the existence of a tax deficiency, because it has not identified the statute that requires him to pay federal income tax. That argument is frivolous. The government has alleged that a deficiency existed because Dr. Christensen earned income on which he did not pay tax. Doc. 1; *see* 26 U.S.C. § 61(a) (gross income includes "all income from whatever source derived").

Finally, Dr. Christensen appears to argue that it is unconstitutional for the federal government to tax the citizens of Arizona. Doc. 78 at 14. That argument is frivolous. *See* U.S. Const. amend. 16 ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration."); *see also United States v. Chapman*,

157 F. App'x 758, 759 (5th Cir. 2005) ("We have consistently rejected the argument that citizens of Texas are citizens of a 'sovereign state' and therefore not subject to the Internal Revenue Code").

**IT IS ORDERED** that Dr. Christensen's motion to vacate (Doc. 78) is **denied.**

Dated this 9th day of May, 2016.

*David G. Campbell*
David G. Campbell
United States District Judge