**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-08164-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Gary Steven Christensen, | |
| Defendant. | |

On March 31, 2016, Dr. Christensen filed a pro per motion seeking to dismiss the indictment for lack of subject matter or personal jurisdiction. Doc. 55. The Court found that Dr. Christensen's arguments lacked merit, and denied the motion. Doc. 72. Dr. Christensen has filed a new pro per motion asking the Court to vacate its prior order. Doc. 78. The Court will deny the motion without additional briefing and without a hearing. *See United States v. Marks*, 530 F.3d 799, 809, 811 (9th Cir. 2009).

Dr. Christensen argues that the Court erred in denying his argument that the government has not established "territorial jurisdiction" in this case. He notes that some criminal statutes, such as those prohibiting certain conduct on a federal Indian reservation or on the high seas, require the government to prove that the act occurred at the relevant location. *Id.* at 3 (citing *United States v. Zepeda*, 705 F.3d 1052, 1062 (9th Cir. 2013)). He goes on to object that "neither the [government] nor this Court provided the record with any facts proving that the Federal laws I am accused of violating have any force and effect within the territorial boundaries of the state of Arizona." Doc. 78 at 7.

As Defendant himself acknowledges, however, "all citizens of the United States, *wherever resident* . . . are liable to the income taxes imposed by the Code whether the income is received from sources within or without the United States." 26 C.F.R. § 1.1-1(b) (emphasis added); *see also Jibilian v. United States*, 174 F. App'x 576, 577 (Fed. Cir. 2006) ("Section 1(a) of the Internal Revenue Code, 26 U.S.C. § 1(a), imposes an income tax on the income of all citizens of the United States."). Defendant specifically asserts that he is a citizen of Arizona, that he is domiciled in Arizona, that all of his income was derived in Arizona, and that all of his property is located in Arizona. Doc. 78 at 4.

Dr. Christensen presents a number of new arguments. He argues that federal tax law applies only to (1) citizens residing or doing business abroad, (2) foreign taxpayers deriving income from sources within the United States, and (3) citizens who make certain payments to nonresident aliens and foreign corporations. Doc. 78 at 9-10. The Court first notes that Defendant's motion, which asks the Court to reconsider its previous ruling, is not the place to make new arguments. *See* LRCrim 12.1, 47.1; LRCiv 7.2(g)(1). In addition, Defendant's new arguments are legally frivolous. The federal income tax laws apply to "all citizens of the United States," 26 C.F.R. § 1.1-1(b), and to "all income from whatever source derived," 26 U.S.C. § 61(a).

Dr. Christensen argues that the Internal Revenue Service exceeded its authority by initiating this action. This argument is also frivolous. This action is brought by the United States Attorney's Office under its well-recognized power to enforce federal criminal laws. *See also* 26 C.F.R. § 601.101 ("The Commissioner has general superintendence of the assessment and collection of all taxes imposed by any law providing internal revenue.").

Dr. Christensen argues that the government has not alleged the existence of a tax deficiency because it has not identified the statute that requires him to pay federal income tax. This argument is frivolous. The government has alleged that a deficiency exists because Dr. Christensen earned income on which he did not pay tax. Doc. 1; *see* 26

U.S.C. § 61(a) (gross income includes "all income from whatever source derived").

Finally, Dr. Christensen appears to argue that it is unconstitutional for the federal government to tax the citizens of Arizona. Doc. 78 at 14. This argument is frivolous. *See* U.S. Const. amend. 16 ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration.").

**IT IS ORDERED** that Dr. Christensen's motion to vacate (Doc. 78) is **denied.**

Dated this 9th day of May, 2016.

*[Signature]*
David G. Campbell
United States District Judge