IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Gary Steven Christensen,<br><br>             Defendant. | No. CR14-8164 PCT DGC |

**JURY INSTRUCTIONS**

Dated:  May 19, 2016


_____
David G. Campbell
United States District Judge

## INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## INSTRUCTION NO. 2

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

## INSTRUCTION NO. 3

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION NO. 4**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

      (1)     the sworn and stipulated testimony of any witness;

      (2)     the exhibits received in evidence; and

      (3)     any facts to which the parties have agreed.

## INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 9

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

## INSTRUCTION NO. 10

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## INSTRUCTION NO. 11

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 12

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## INSTRUCTION NO. 13

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## INSTRUCTION NO. 14

The defendant has placed legal materials in evidence, including statutes, regulations, revenue rulings, and cases, and has testified that he relied on them in forming his views.  The defendant has also testified about his personal beliefs regarding the U.S. tax laws.

The legal materials presented by the defendant, and his testimony about his views, are relevant only to the defendant's state of mind – whether he acted willfully as alleged by the government.  They have not been presented to establish the law you should apply in reaching your verdict.  Rather, these instructions provide the law upon which you should rely in reaching your verdict.

## INSTRUCTION NO. 15

The defendant is charged in Counts 1-7 of the indictment with evasion of assessment in violation of Section 7201 of Title 26 of the United States Code.  In order for the defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant owed more federal income tax for the calendar years 2004-2010 than was declared due by the defendant;

Second, the defendant knew that more federal income tax was owed than he declared due;

Third, the defendant made an affirmative attempt to evade or defeat such additional tax; and

Fourth, in attempting to evade or defeat such additional tax, the defendant acted willfully.

An affirmative attempt to evade or defeat a tax may be accomplished by any affirmative conduct likely to mislead or conceal.

## INSTRUCTION NO. 16

The defendant is charged in Counts 8-12 of the indictment with filing a false tax return in violation of Section 7206(1) of Title 26 of the United States Code. In order for the defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant signed and filed a tax return for tax years 2004-2008 that he knew contained false information as to a material matter;

Second, the returns contained a written declaration that they were being signed subject to the penalties of perjury; and

Third, in filing the false tax returns, the defendant acted willfully.

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

## INSTRUCTION NO. 17

The defendant is charged in Counts 13 and 14 of the indictment with willful failure to file an income tax return in violation of Section 7203 of Title 26 of the United States Code.   In order for the defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was required to file income tax returns for the calendar years ending December 31, 2009 and December 31, 2010;

Second, the defendant failed to file income tax returns as required by Title 26 of the United States Code; and

Third, in failing to do so, the defendant acted willfully.

## INSTRUCTION NO. 18

In order to prove that the defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him, and the defendant intentionally and voluntarily violated that duty.

A defendant who acts on a good faith misunderstanding as to the requirements of the law does not act willfully even if his understanding of the law is wrong or unreasonable.  Nevertheless, merely disagreeing with the law does not constitute a good faith misunderstanding of the law because all persons have a duty to obey the law whether or not they agree with it.  Thus, in order to prove that the defendant acted willfully, the government must prove beyond a reasonable doubt that the defendant did not have a good faith belief that he was complying with the law.

## INSTRUCTION NO. 19

The government need not prove the specific amount of tax due for each calendar year alleged in the Indictment.  The government need only prove that the defendant willfully attempted to evade any tax during the years in question.  The amount of tax the defendant attempted to evade need not be substantial.

## INSTRUCTION NO. 20

The Internal Revenue Code imposes an income tax on every citizen or resident of the United States who meets certain income levels.  This tax applies to citizens who live in the United States.  The tax imposed is upon taxable income, determined by subtracting allowable deductions or a standard deduction from gross income.

Gross income means all income from whatever source derived, including (but not limited to) compensation for services, including fees, commissions, fringe benefits, and similar items; gross income derived from any business; gains derived from dealings in property; interest; rents; royalties; dividends; alimony and separate maintenance payments; annuities; income from life insurance and endowment contracts; pensions; income from discharge of indebtedness; and distributive share of partnership gross income.  Gross income includes wages.  Some items are excluded from gross income such as certain death benefits; gifts and inheritances; interest on State and local bonds; contributions to the capital of a corporation; exclusion of gain from sale of a principal residence; and other items.

**INSTRUCTION NO. 21**

The defendant is charged in Counts 13 and 14 of the Indictment with willful failure to file an income tax return for the years 2009 and 2010.

For 2009, a single individual under 65 years old who was the head of a household was required to make and file an individual income tax return if that individual had a gross income of $12,000 or more.

For 2010, a single individual under 65 years old who was the head of a household was required to make and file an individual income tax return if that individual had a gross income of $12,050 or more.

## INSTRUCTION NO. 22

When you begin your deliberations, you should elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 23

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you again that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any of you is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 24

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 25

The punishment provided by the law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**INSTRUCTION NO. 26**

A verdict form has been prepared for you. [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your foreperson should  complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION NO. 27

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note that you send out of the jury room.

## INSTRUCTION NO. 28

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.