WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Steven Christensen,<br><br>　　　　　Movant/Defendant,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Respondent/Plaintiff. | No. CV-18-08235-PCT-DGC (DMF)<br><br>No. CR-14-08164-PCT-DGC<br>(Related Case)<br><br>**ORDER** |

Gary Christensen was sentenced to federal prison for tax-related offenses in Case No. CR-14-08164. He brought this civil action seeking to vacate the sentences under 28 U.S.C. § 2255. Doc. 11.[1] Magistrate Judge Deborah Fine has issued a report recommending that Christensen's § 2255 motion be denied without an evidentiary hearing ("R&R"). Doc. 18. Christensen objects. Docs. 21, 23. For reasons stated below, the Court will accept the R&R and deny the motion without a hearing.

**I.　Background.**

In September 2014, a grand jury indicted Christensen on multiple counts of tax evasion, filing false returns, and failure to file returns for the 2004-2010 tax years. CR Doc. 1. Each offense required that Christensen acted "willfully." *Id.*; *see* 26 U.S.C. §§ 7201, 7203, 7206(1); *United States v. Kahre*, No. 2:05-CR-00120-RCJ, 2007 WL

---

[1] Citations to documents in this civil action are denoted "Doc." and citations to documents in the underlying criminal case are denoted "CR Doc." Citations are to page numbers attached to the top of pages by the Court's electronic filing system.

1

119147, at *2 (D. Nev. Jan. 5, 2007) ("Tax evasion and failure to file tax returns require that the offender act 'willfully.'"). "'Willfulness' in the context of criminal tax cases is defined as a 'voluntary, intentional violation of a known legal duty.'" *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991) (quoting *Cheek v. United States*, 498 U.S. 192, 201 (1991)). A defendant's conduct is not "willful" if it resulted from "ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws.'" *Cheek*, 498 U.S. at 202.

Christensen declined the government's plea offers and went to trial in May 2016. His primary trial strategy was to assert a *Cheek* defense – that is, to focus on his good faith beliefs about tax requirements and thereby rebut the government's willfulness arguments. The jury acquitted Christensen on the false tax return charges but found him guilty on each count of tax evasion and failure to file a return. CR Doc. 101. He received concurrent sentences of 42 months in prison on the tax evasion convictions and 12 months on the tax return convictions. CR Doc. 146. The Ninth Circuit affirmed the convictions and sentences. CR Doc. 166; *see United States v. Christensen*, 705 F. App'x 599 (9th Cir. 2017).

Under § 2255, a federal prisoner may obtain relief from his sentence if it was "imposed in violation of the United States Constitution or the laws of the United States[.]" 28 U.S.C. § 2255(a). In his amended § 2255 motion, Christensen asserts four grounds for relief based on alleged ineffective assistance of counsel and violations of his Sixth Amendment rights to counsel of his choice and to maintain his innocence during trial. Doc. 11. Specifically, Christensen claims that: (1) trial counsel's performance was deficient because he kept his intended trial strategy a secret, and this impaired Christensen's right to counsel of his choice (Docs. 11 at 4, 11-1 at 12-15); (2) trial counsel's concession that Christensen did not pay taxes was a full admission of guilt that violated the right to maintain innocence (*id.* at 5-6, 16-19); (3) trial counsel was ineffective for failing to object to the Court's "imposed hybrid representation

arrangement," and appellate counsel was ineffective for failing to raise the issue on appeal (*id.* at 7-8, 19-21); and (4) trial counsel was ineffective for failing to explain that Christensen needed to object to the stipulated admission of exhibits in order to preserve Confrontation Clause rights (*id.* at 8-10, 21-23).[2]

## II. R&R Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Discussion.

Judge Fine thoroughly considered each of the four grounds for relief and the request for an evidentiary hearing. Doc. 18 at 17-35. She concluded that no ground states a colorable claim for relief and the § 2255 motion therefore should be denied without an evidentiary hearing. *See id.* at 35-36. Christensen does not object to Judge Fine's conclusions on grounds three and four (*see* Doc. 22 at 1), which relieves the Court of its obligation to review those portions of the R&R. *See* Doc. 18 at 28-35; *Reyna-Tapia*, 328 F.3d at 1121. As explained more fully below, Christensen's objections to Judge Fine's conclusions on grounds one and two are without merit.

### A. Ground One – Counsel's Alleged Secret Trial Strategy.

To obtain relief under § 2255 on a claim of ineffective assistance of counsel, Christensen must show that counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *Strickland v.*

---

[2] In the criminal case, Christensen hired attorney Marc Victor to represent him at trial and attorneys Michael Minns and Ashley Arnett to represent him on appeal. Attorney Brandon Sample represents Christensen in this § 2255 action.

3

*Washington*, 466 U.S. 668, 687-88, 692 (1984). In reviewing counsel's performance, the Court must "indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Judicial scrutiny is "highly deferential" because "[i]t is all too tempting . . . to second guess counsel's assistance after conviction or adverse sentence[.]" *Id.*

Christensen asserts in ground one that trial counsel's performance was deficient because he kept his purported trial strategy – to concede the government's "entire case" – a secret. Doc. 11 at 4. This claim is based in large part on counsel's statements during a March 22, 2016 status conference that there is "really not that much that [he] dispute[s] in the government's case" and that he could "almost stipulate to their entire case." Doc. 11-1 at 14 (citing CR Doc. 65 at 35). Christensen claims that he was prejudiced because he would have fired counsel "on the spot" had he known counsel's strategy. *Id.* at 15.

Judge Fine concluded that ground one fails to state a claim for relief because the record clearly shows that Christensen knew before trial that the strategy was to assert a *Cheek* defense by focusing on the willfulness element of the charged offenses. Doc. 18 at 17-24. Judge Fine relied in large part on counsel's November 25, 2015 letter to Christensen explaining this trial strategy. *Id.* at 5-8, 19. The letter specifically advised Christensen that: (1) raising an argument that Christensen was not legally required to pay taxes would fail; (2) although Christensen's *Cheek* defense had some problems, it should be the focus of his defense at trial; (3) cross-examination questions should relate to the issue of willfulness; (4) counsel intended to forgo arguments that Christensen was not legally obligated to pay tax, or cross-examining the special agent to establish that the agent did not understand the tax code; (5) he agreed with the trial strategy often used by attorney Michael Minns to concede "obvious points against the cause" and focus instead

4

on the issue of willfulness;[3] and (6) he did not intend to contest every point or aggressively cross-examine government witnesses, and instead would agree with hostile witnesses in order to "isolate the one point" that mattered, that is, Christensen's mental state and what he believed. *Id.* at 19 (citing Doc. 11-9 at 2-4).

Christensen contends that counsel's November 25, 2015 letter does not conclusively preclude relief on ground one. Doc. 21 at 5-6. The Court does not agree.

In the letter, Counsel advised Christensen that "based on our research we have concluded that any legal argument we raise asserting you are not legally required to pay taxes will fail and likely be determined to be frivolous." Doc. 11-9 at 1. Counsel made clear that he believed Christensen had "a viable *Cheek* defense at trial[,]" stating that, "[a]s you know, the *Cheek* defense is actually a recognized legal defense which argues the Government can't prove you 'willfully' failed to pay tax because you sincerely believed you were not legally obligated to pay tax." *Id.*

Counsel further explained that the Minns article Christensen had provided was instructive, and he informed Christensen that he persisted in the belief that willfulness should "be the focus of your trial." *Id.* at 3. Discussing his planned approach to cross-examination, counsel wrote:

> [Minns's] statements appear similar to the strategy I proposed to you previously where he states, "While the issue of tax return accuracy is often a question of fact, the great weight of the defense effort always must be on the issue of willfulness, and it must be in the background of every single cross-examination question." As I have also said to you, Minns also agrees, "Now, the general rule is that you should pass on cross examining a witness you cannot harm. Why let the fact finder focus on testimony that does not help your case?" I couldn't agree more.

*Id.*

---

[3] As noted, Minns was one of Christensen's attorneys on appeal. *See Christensen*, 705 Fed. App'x. at 599.

5

Counsel added that perhaps most instructive was Minns's discussion of a criminal tax case that was "similar if not identical to [Christensen's] case." *Id.* Counsel explained:

> Minns lays out the situation by stating, "[the defendant] had failed to file tax returns in many years, although he had earned enough income to require filing. ***His only legal defense was that he did not believe he was required to file*** – a sound legal defense if the belief was held honestly and in good faith." . . . I find it critically important to note that Minns did not identify any other legal defense for [the defendant]. Minns did not say [the defendant] had any legal defense proposing that he was not legally obligated to pay tax nor did Minns say anything about cross examining the special agent to demonstrate his lack of understanding of the tax code or any such similar tactic. Minns focused solely on willfulness exactly as I have proposed to do in defending you. . . . [Minns] explains, "The defense should concede obvious points against the cause and do battle where reasonable minds may differ; usually that means the issue of willfulness." Minns and I are in total agreement.

*Id.* (emphasis in counsel's letter). Counsel emphatically agreed with Minns's cross-examination strategy, described by Minns as follows:

> It is a common pl[o]y in criminal tax cases for the defense lawyer to be rude, to contest every witness who takes the stand, and to argue over every detail in the indictment. The strategy is generally doomed to failure. It effectively focuses the trial on the strength of the government's case. The defense should focus on the strength of the *defendant's* case.

*Id.* (emphasis in the Minns article).

Christensen contends that counsel's letter merely "*suggests* that [his] forthcoming trial strategy was clear[.]" Doc. 21 at 4 (emphasis in original). To the contrary, the letter clearly sets forth counsel's intent to assert a *Cheek* defense at trial and to follow Minns's approach to cross-examining witnesses. Judge Fine did not err is so finding. *See* Doc. 18 at 19-20.

Judge Fine also found, correctly, that nothing defense counsel said at the March 22, 2016 status conference was inconsistent with his intended trial strategy. *Id.*

at 20. After advising the Court that a plea deal was unlikely, defense counsel stated the following about the scope and length of trial:

> There's really not much that I dispute in the government's case. And unless [Christensen] – he's going to have some heartburn over that, I don't think he is, then I could almost stipulate to their entire case.
>
> [W]e don't disagree that he didn't send his taxes in, so I don't want to make that an issue. He did that stuff. So sometimes prosecutors say to me, "Well, I don't want to stipulate my whole case away." But if they don't so say that, I could stipulate to almost everything here and this case is going to turn on, really, [Christensen] on the stand and whether the jury believes he's sincere. And so that's the bulk of our case, and I don't frankly think that's going to be very long either.

*Id.* (quoting CR Doc. 65 at 35). Contrary to Christensen's assertion, counsel did not state that he would stipulate to the government's "entire case." Doc. 21 at 12. Counsel stated that he could stipulate to "almost everything" because Christensen "didn't send his taxes in" and counsel did not "want to make that an issue" at trial. CR Doc. 65 at 35. Counsel made clear that the case would turn on Christensen's credibility "on the stand and whether the jury believes he's sincere." *Id.* Christensen himself admits that counsel "left one element in play at the trial – willfulness." Doc. 21 at 11. This is the strategy counsel clearly explained \to Christensen in his November 25, 2015 letter. *See* Doc. 11-9.

Christensen notes that counsel candidly acknowledged that Christensen "might have some heartburn" about conceding most elements of the offenses and focusing the defense on Christensen's sincere beliefs about tax requirements. Doc. 21 at 5. But this does not show that counsel kept the trial strategy a secret; Christensen could have heartburn about a trial strategy and still agree it was the best possible defense given the undisputed fact that Christensen did not pay his taxes for several years.

In addition to counsel's November 25, 2015 letter, Judge Fine found that Christensen's pretrial motion practice and testimony at trial show that he was well aware his defense would be premised on his mental state – his allegedly sincere belief that

federal income taxes did not apply in his particular circumstances. Doc. 18 at 20-23. Christensen does not object to this finding. *See* Doc. 21 at 3-11.

Judge Fine further found that Christensen cannot establish prejudice because he does not explain how substituting another attorney for his trial counsel would have changed the result of the trial. Doc. 18 at 24. Christensen asserts that "[t]he denial of the right to counsel of choice . . . constitutes structural error and is entitled to a presumption of prejudice" (Doc. 21 at 10-11), but Christensen has not shown that he was denied counsel of his choice. Christensen retained his trial attorney, and never fired him despite knowing that his strategy was to focus on willfulness and assert a *Cheek* defense at trial.

Judge Fine did not err in concluding that ground one fails to state a colorable claim of ineffective assistance of counsel or the denial of the right to counsel of choice. Doc. 18 at 17-24. The Court will accept the R&R on ground one.

**B.     Ground Two – Christensen's Right to Maintain Innocence.**

Christensen asserts in ground two that his Sixth Amendment right to maintain his innocence was violated when counsel conceded in his opening statement that Christensen did not pay income taxes for a period of time. Docs. 11 at 5, 11-1 at 16-19; *see* Doc. 157 at 165. Christensen argues that in light of *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), counsel's conduct was inconsistent with Christensen's autonomous right to control his defense. Doc. 11-1 at 19.

Judge Fine rejected this argument because Christensen wrongly equates the trial decision not to challenge certain facts and elements of the charged crimes (such as failure to pay taxes) with a full admission of guilt. Doc. 18 at 25. Judge Fine found, correctly, that *McCoy* is inapposite because defense counsel conceded the defendant's guilt in a capital case as part of a strategy to obtain a life sentence rather than the death penalty. *Id.*; *see McCoy*, 138 S. Ct. at 1505 ("[T]he defendant vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt. Yet the trial court permitted counsel, at the guilt phase of a capital trial, to tell the jury the defendant 'committed three murders. [H]e's guilty.' We hold that a defendant has the

right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty.").

Christensen contends that his counsel's "concession of guilt was not about 'an element,' but rather a concession as to the Government's 'entire case,' just as [counsel] had foreshadowed at the March 22, 2016, status conference." Doc. 21 at 12. But counsel did not concede Christensen's guilt. Rather, counsel focused on the critical element of willfulness. *Id.* at 11. *McCoy* distinguished this situation – "strategic disputes about whether to concede an element of a charged offense" – with the "stark scenario" where counsel admits his "client's guilt of a charged crime over the client's intransigent objection to that admission." 138 S. Ct. at 1510 ("[The] intractable disagreements [were] about the fundamental objective of the defendant's representation. For McCoy, that objective was to maintain 'I did not kill the members of my family.'"). Christensen cites no case suggesting *McCoy* may be implicated where counsel for a defendant in a non-capital case concedes an element of a crime. Courts uniformly hold to the contrary. *See Crump v. Halvorson*, No. 18-CV-1334 (MJD/ECW), 2019 WL 3431787, at *8 (D. Minn. June 10, 2019) (denying habeas petition where counsel conceded an element of the charged crime); *see United States v. Swanson*, 943 F.2d 1070, 1075-76 (9th Cir. 1991) ("We recognize that in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense[.]"); *United States v. Bradford*, 528 F.2d 899, 900 (9th Cir. 1975) (holding that counsel was not ineffective in "admitting [that] the evidence was overwhelming that the defendants were the robbers" and then "argu[ing] lack of willfulness and intent").

Judge Fine correctly concluded that Christensen has failed to state a claim for relief in ground two. Doc. 18 at 25-28. The Court will accept the R&R in this regard and deny relief on ground two.[4]

---

[4] Given this ruling, the Court need not decide whether *McCoy* applies retroactively. *See* Docs. 11-1 at 18-19, 18 at 26-27.

### C. Evidentiary Hearing.

Christensen's primary objection is to Judge Fine's conclusion that no evidentiary hearing is required on grounds one and two. *See* Docs. 18 at 35, 21 at 1, 23 at 1-2. A district court must grant an evidentiary hearing under § 2255 unless the motion and record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Ninth Circuit has "characterized this standard as requiring an evidentiary hearing where 'the [prisoner] has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). To state a claim of ineffective assistance of counsel, the prisoner must allege facts showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 at 686.

Judge Fine concluded that Christensen's motion should be denied without an evidentiary hearing because the motion and record as a whole show that he is entitled to no relief under § 2255(a). Doc. 18 at 35. The Court agrees.

Contrary to Christensen's assertion, counsel's November 25, 2015 letter and Christensen's failure to speak up during trial regarding his purported dissatisfaction with a focused *Cheek* defense conclusively show that he is entitled to no relief on ground one. *See* Doc. 21 at 5-6. The issue is not one of credibility, and the fact that trial counsel has provided no declaration or affidavit is of no significance. *See id.* at 2. The November 25 letter and Christensen's conduct at trial speak for themselves.

Ground two lacks merit because trial counsel did not concede the government's entire case. Counsel instead made the strategic decision to concede certain elements the government could prove easily and focus the defense on the issue of willfulness. *See Bradford*, 528 F.2d at 900 (rejecting ineffective assistance of counsel claim because trial counsel "did the best he could with a virtually impossible case" and his actions were, at worst, "only tactical decisions which in retrospect might have been wrong").

Christensen notes that Judge Fine's R&R "is based solely on the filings in this case and the underlying criminal matter." Doc. 21 at 2. But no evidentiary hearing is required under § 2255 where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

Christensen's reliance on *Earp v. Ornoski*, 431 F.3d 1158 (9th Cir. 2005), is misplaced. Doc. 21 at 2, 6. The district court in *Earp* denied the habeas petition "on the basis of [a jailhouse witness's] credibility, concluding that [his] declarations were 'inherently untrustworthy[.]'" 431 F.3d at 1169. The Ninth Circuit found that there was "no evidentiary basis for the district court's judgment of [the witness's] incredibility because [his] story [was] completely outside the record." *Id.* at 1170. In this case, unlike in *Earp*, the "veracity of . . . witnesses who signed . . . affidavits" is not an issue because no such witnesses or affidavits exist. *Id.*

Although the standard for receiving an evidentiary hearing under § 2255(b) is not high (*see* Doc. 23 at 1), Christensen has not met his burden of showing that such a hearing is required. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) ("Although section 2255 imposes a fairly lenient burden on the petitioner, the petitioner is nonetheless 'required to allege specific facts which, if true, would entitle him to relief.'") (quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)); *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion . . . [is] unsupported by facts and refuted by the record, an evidentiary hearing is not required."); *United States v. Gillenwater*, No. 1:11-CR-0121-LRS-1, 2017 WL 2385331, at *2 (E.D. Wash. June 1, 2017) ("The burden is on the Petitioner to show his entitlement to relief under § 2255 including his entitlement to an evidentiary hearing.").

### D. Certificate of Appealability.

Christensen contends that a certificate of appealability is warranted because the Ninth Circuit has not yet considered the applicability of *McCoy* to a case like his, and the counsel of choice claim is debatable among jurists of reason. Doc. 21 at 13. But as noted, Christensen cites no case – from any jurisdiction – suggesting that *McCoy* applies

11

where counsel for a defendant in a non-capital case concedes elements of a crime but does not concede guilt. *See Crump*, 2019 WL 3431787, at *8. Christensen develops no argument in support of his bald assertion that the counsel of choice claim is debatable among reasonable jurists. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

The Court agrees with Judge Fine that a certificate of appealability should be denied because Christensen has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Doc. 18 at 36.

**IV. Conclusion.**

The Court has considered Christensen's specific objections to the R&R and finds them to be without merit. The Court will accept Judge Fine's recommendations that the § 2255 motion be denied without an evidentiary hearing or a certificate of appealability. Doc. 18.

**IT IS ORDERED:**

1. Judge Fine's R&R (Doc. 18) is **accepted**.

2. Christensen's amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 11) is **denied** without an evidentiary hearing.

3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** for reasons explained above.

4. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 6th day of April, 2020.

David G. Campbell
Senior United States District Judge