**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>Gary Stevens Christensen,<br><br>Defendant/Petitioner. | No. CR-14-08164-PCT-DGC<br>No. CV-20-8152-PCT-DGC (DMF)<br><br>**ORDER** |

The government has filed nine motions for garnishment disposition orders. CR Docs. 245-52, 254.[1] Defendant has responded to the motions and filed objections to the garnishments. CR Docs. 257-58; CV Doc. 22. Defendant also has filed a motion to quash subpoena. CR Doc. 261. The issues are fully briefed (CR Docs. 260, 262-63; CV Doc. 25), and oral argument will not aid the Court's decision, *see* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will deny Defendant's objections to the garnishments, grant the government's motions for disposition orders, and deny Defendant's motion to quash subpoena.

---

[1] Documents filed in the criminal case, No. CR-14-08164, are cited as "CR Docs." Documents filed in the related civil action involving Defendant's petition for writ of error *coram nobis*, No. CV-20-08152, are denoted "CV Docs."

I.     **Background.**

In May 2016, a jury found Defendant guilty of willful tax evasion for the 2004-2010 tax years (counts one through seven) and willful failure to file tax returns for the 2009-2010 tax years (counts thirteen and fourteen). CR Docs. 95, 101. Defendant was sentenced to 42 months in prison followed by 3 years of supervised release. CR Doc. 140 at 1. He also was ordered to pay a $750.00 special assessment and $1,603,533 in restitution to the Internal Revenue Service. *Id.* at 1-2. On December 26, 2019, Defendant was released from prison and placed on supervised release. *See* Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Oct. 17, 2020).

Pursuant the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205, multiple writs of garnishment against Defendant's property were issued in February and May 2020. CR Docs. 181-92, 237. Each garnishee filed an answer identifying property of Defendant in its custody, possession, or control. CR Docs. 215-27, 241.

On June 22, 2020, Defendant filed a petition for writ of error challenging the restitution order. CR Doc. 244; CV Doc. 1. The petition is fully briefed (CV Docs. 24, 28), and has been referred to Judge Fine for a report and recommendation (CV Doc. 13).

Defendant filed objections to the garnishments on August 28, 2020. CV Doc. 22. The government has moved for disposition orders on the garnishments issued to Brandon Sample PLC; Guggenheim Investments; Jackson National Life Insurance; Massachusetts Mutual Life Insurance; MONY Life Insurance Company of America; National Securities Corporation; TD Ameritrade; Alliance Bank of Arizona; and Appraisals Phoenix & Estates LLC. CR Docs. 245-52, 254. Defendant has filed a response to the motion regarding the Appraisals Phoenix & Estates garnishment and a consolidated response to the other motions. CR Docs. 257-58.

II.    **Garnishment Legal Standards.**

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, "requires a criminal defendant convicted of certain crimes, including those 'committed by fraud or

deceit,' to pay restitution to the victims of his or her offense in an amount equal to the value of any property damaged or lost in the offense." *United States v. Ordog*, No. CV 17-1664 FMO, 2018 WL 6267814, at *1 (C.D. Cal. Feb. 23, 2018). The "MVRA rests on the recognition that '[i]t is essential that the criminal justice system recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] offender be held accountable to repay these costs.'" *United States v. Novak*, 476 F.3d 1041, 1043 (9th Cir. 2007) (quoting S. Rep. No. 104-179, at 18 (1995)). To ensure that accountability, the MVRA's enforcement provision, 18 U.S.C. § 3613(a), "consolidated and strengthened the procedures available to the government for collecting unpaid restitution." *United States v. Swenson*, 971 F.3d 977, 982 (9th Cir. 2020) (citing *In re Partida*, 862 F.3d 909, 913 (9th Cir. 2017)); *see* S. Rep. No. 104-179, at 12. That provision states:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law[,] . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined[.]

§ 3613(a); *see Swenson*, 971 F.3d at 983 ("We have recognized from the breadth of the statute's text Congress's intent to broaden the government's collection powers to reach all of a defendant's assets."). The MVRA makes clear that these provisions are also "available to the United States for the enforcement of an order of restitution." § 3613(f).

The MVRA "allows the government to enforce restitution orders pursuant to the FDCPA or individual state laws." *Swenson*, 971 F.3d at 979 n.1 (citing *In re Partida*, 862 F.3d at 913). Section 3205 of the FDCPA "sets forth the procedures for garnishment if the government elects to proceed under the FDCPA." *Id.* Those procedures provide that the government may initiate garnishment proceedings by filing an application for a writ of garnishment before the district court. § 3205(b)(1). If the government satisfies the statutory requirements for a writ, the district court issues a writ of garnishment, and the government serves copies on the judgment debtor and the garnishee. § 3205(b), (c)(3). The garnishee, who is the person or entity with custody, control or possession of the

3

property subject to the writ, is directed to file an answer describing the property. § 3205(c)(4). The government and the judgment debtor then have 20 days to file written objections to the answer and request a hearing. § 3205(c)(5). If no hearing is requested, the district court is required to enter a disposition order "directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in" the property. § 3205(c)(7); *see United States v. Gorshe*, No. 1:20-MC-00042-BAM, 2020 WL 5905358, at *2 (E.D. Cal. Oct. 6, 2020) ("After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property.") (citing § 3205(c)(7)); *see SEC v. Gold Standard Mining Corp.*, No. CV 12-5662-JGB (SP), 2017 WL 6043988, at *3 (C.D. Cal. Oct. 26, 2017) (same).

**III.    Defendant's Objections to the Writs of Garnishments and Answers.**

Defendant objects to the garnishments because they purportedly are premised on an illegal restitution order as set forth in his petition for writ of error. CV Doc. 22 at 1. Defendant further asserts alleged technical failures on the part of the Department of Justice and the Clerk of Court, and alleged errors in the garnishees' answers. *Id.* The government argues that the objections should be denied because they were not timely filed and Defendant provides no good cause or excusable neglect for the delay. CV Doc. 23 at 2. The Court agrees.

Each writ of garnishment included a notice to Defendant that he may object and request a hearing within 20 days after receipt of the notice. CR Docs. 181-92, 237; *see* § 3205(c)(5). On March 3, 2020, the Court extended the time for Defendant to file objections to May 22. CR Docs. 210, 214. When Defendant failed to file objections by the May 22 deadline, the Court gave him until July 6 to do so. CR Docs. 235, 238. Defendant did not file his objections until August 28, more than seven weeks after the July 6 deadline had passed. CV Doc. 22.

Defendant contends that the petition for writ of error provides "good cause for delay of objections since the Garnishments would be as illegal as the restitution order they were

based on." *Id.* at 2. Defendant made the same argument in his motion to stay and motion for clarification, both of which were denied. CV Docs. 2, 9, 12, 21. On July 21, 2020 – more than two weeks after objections to the garnishments and answers were due – Defendant requested an additional 60 days to file objections. CV Doc. 12 at 2. The government opposed the request because Defendant offered no good cause or excusable neglect for not previously responding to the garnishments, even after he had been granted two extensions of time to do so. Doc. 14. The Court concluded that Defendant had "failed to show good cause or excusable neglect for failing to respond to the pending garnishments[,]" and therefore denied his motion for clarification "to the extent he seeks an extension of time to respond." CV Doc. 21 at 1-2 (noting that Rule 6(b)(1)(B) provides that "the Court may extend a deadline for good cause 'on motion made after the time has expired if the party failed to act because of excusable neglect.'"). Defendant provides no basis for the Court to reconsider that ruling. *See* LRCiv 7.2(g)(1) (a motion for reconsideration will be denied absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence); *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008) (mere disagreement with an order is an insufficient basis for reconsideration).

Defendant asserts that the Court has failed to set a date for him to file objections. CV Doc. 25 at 2. This is not correct. The Court twice granted Defendant an extension of time to file objections, setting a final deadline of July 6, 2020. CR Docs. 214, 238. The mere filing of the petition for writ of error and motion to stay did not extend that deadline. *See* CV Doc. 9 at 3 (Defendant "has failed to provide any legal authority to support his request to stay restitution payments and garnishment proceedings pending the outcome of the Petition"). Nor has Defendant otherwise shown good cause or excusable neglect for the failure to file his objections by the July 6 deadline. *See* CV Doc. 21 at 1-2; *Nat'l Corp. Tax Credit Funds v. Potashnik*, No. CV 07-3528 PSG (FMOx), 2009 WL 4049396, at *3 (C.D. Cal. Nov. 19, 2009) ("Under Rule 6(b)(1)(B), [the moving party] bear[s] the burden

of establishing good cause in granting the motion and excusable neglect in failing to act within [the] requisite time frame.").

The Court will deny Defendant's objections to the garnishments and answers as untimely. CV Doc. 22.

## IV. The Government's Motions for Garnishment Disposition Orders.

Pursuant to § 3205(c)(7), the government moves for garnishment disposition orders because Defendant has not timely objected to the garnishments and answers or requested a hearing. CR Docs. 245-52, 254. The government requests orders directing the garnishees to pay over the non-exempt property of Defendant currently in the garnishees' custody, possession, or control. *Id.*

On November 4, 2016 – one week after the criminal judgment was entered – the government sent Defendant a demand for payment of the judgment amount. CR Doc. 254-2. Defendant asserts that the government's demand letter does not satisfy the 30-day notice and claim of default requirement for the issuance garnishments because no restitution payment was due until he was placed on supervised release in December 2019. CR Doc. 258 at 1-2; *see* 28 U.S.C. § 3205(b)(1)(A). Defendant is mistaken.

The Court made clear in its judgment that the $1,603,533 restitution amount was "due immediately." CR Doc. 140 at 1-2. The judgment provides that any remaining "[b]alance is due in monthly installments of at least $6,000.00 to commence 60 days after release from imprisonment to a term of supervised release[,]" but this provision was contingent on Defendant's failure to pay the full restitution amount immediately. *Id.*; *see id.* at 2 (noting that, if incarcerated, "payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter" and "[a]ny unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision"); *see also United States v. Gagarin*, 950 F.3d 596, 609 (9th Cir. 2020) (restitution order requiring lump sum payment due immediately with any balance due under an installment plan was proper and not internally inconsistent); *United States v. Williams*, 898 F.3d 1052, 1055 (10th Cir. 2018) (holding that "the government was entitled

6

to garnish Defendant's bank account to obtain partial payment of the amount currently due in restitution" because "the judgment specifies that the amount owed is due in full on the date of judgment, regardless of whether the judgment includes a back-up schedule of payments to cover any unpaid amounts"). Because the $1,603,533 restitution amount was due on October 28, 2016, the date the judgment was entered, and the writs of garnishment were issued in February and May 2020, more than 30 days after Defendant received the government's demand letter, Defendant's argument that the 30-day notice and claim of default requirement had not been met when the writs of garnishment issued is without merit and provides no basis for denying the government's motions for disposition orders.

What is more, the judgment provides that the monthly payments "do not preclude the government from using any other anticipated or unexpected financial gains, assets, or income of [D]efendant to satisfy the restitution obligations." CR Doc. 140 at 2. In pursuing the garnishments, the government is using other assets to satisfy Defendant's restitution obligations. *See United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) ("[T]he payment schedule set forth in the judgment did not preclude the instant garnishment, because the judgment specified that the amount owed was due in full on the date of judgment; and notably, the judgment imposed the obligation to make installment payments without limiting the government's ability to institute civil collections proceedings."); *United States v. Shusterman*, 331 F. App'x 994, 996-97 (3d Cir. 2009) ("The judgment provides that restitution is due immediately and recommends that Shusterman participate in the Bureau of Prisons Inmate Financial Responsibility Program. The judgment further provides that, in the event the entire restitution is not paid before the commencement of supervision, Shusterman shall pay monthly installments of not less than $250.00. The District Court did not err in allowing garnishment as an additional means to collect the restitution judgment.").

Defendant asserts that the garnishments are an attempt to collect an illegal restitution order as set forth in his petition for writ of error. CR Docs. 257, 258 at 2. The Court previously held that restitution payments and garnishment proceedings will not be

stayed pending the outcome of the petition. CV Doc. 9 at 3. Defendant provides no basis for the Court to reconsider that ruling. *See* LRCiv 7.2(g)(1).

Section 3205(c)(7) provides that "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property." *See United States v. Gonzales*, No. 1:20-MC-00033-BAM, 2020 WL 4463364, at *2 (E.D. Cal. Aug. 4, 2020). Because Defendant has made no timely objections or a request for a hearing on the garnishments, the Court will grant the government's motions for disposition orders. CR Docs. 245-52, 254; *see United States v. Diaz Landa*, No. 1:18-mc-00020-DAD-BAM, 2019 WL 3026993, at *2 (E.D. Cal. July 11, 2019) ("Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court must enter an order directing the Garnishee as to the disposition of the bank accounts.").[2]

**V.  Defendant's Motion to Quash Subpoena.**

To enforce a restitution order, the government may seek "discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure[.]" 28 U.S.C. § 3015(a); *see* 18 U.S.C. § 3613(a), (f) (the United States may enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment"). Rule 69 of the Federal Rules of Civil Procedure provides that a judgment creditor "may obtain discovery from any person – including the judgment debtor – as provided in these rules[.]" Fed. R. Civ. P. 69(a)(2). Rule 45 provides for the issuance of subpoenas commanding that documents be produced. Fed. R. Civ. P. 45(a)(1)(D).

The government issued a subpoena to Defendant in February 2020, requesting documents regarding Defendant's assets, finances, and businesses. CV Doc. 261 at 8-14.

---

[2] Defendant complains that the 15-30% commission for the liquidation of assets (precious metals) by Appraisals Phoenix & Estates is too expensive. CR Doc. 257 at 2-3. The government has found another company, T&T Estates, which will liquidate the precious metals for a commission of less than 5%. CR Docs. 254 at 3-4, 260 at 5; *see* T&T Estates, https://www.ttestateservices.com/ (last visited Oct. 20, 2020).

The government informed Defendant that he could mail copies of the subpoenaed documents to avoid having to appear with the documents in person. *Id.* at 7. On March 20, Defendant appeared in person at the United States Attorney's Office in Tucson with subpoenaed records. *See id.* at 5. An initial review revealed that some of the documents contained attorney-client privileged information. *Id.* The government and Defendant's counsel agreed that the government would destroy its copy of the records and that counsel would work with Defendant to send a new set of subpoenaed records without any privileged information. *Id.*; *see* CR Doc. 262-2 at 12-13. The Court granted counsel's motion to withdraw on May 22. CR Docs. 234, 238. On September 10, the government sent a letter to Defendant requesting that he comply with the subpoena by October 12. CR Doc. 261 at 5. Defendant filed his motion to quash the subpoena five days later. *Id.* at 1-3.

Rule 45(d)(3)(A) requires a court to grant a motion to quash where the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *See Strike 3 Holdings, LLC v. Doe*, No. CV-19-10674-TJH (SPx), 2020 WL 5357793, at *2 (C.D. Cal. Apr. 28, 2020). The government has given Defendant a reasonable amount of time to comply with the subpoena without disclosing privileged information, and will allow him to provide the requested documents via mail or email. CR Doc. 261 at 5.[3] Defendant claims that because he already has complied with the subpoena, requiring him to send a new set of records to the government constitutes an undue burden under Rule 45(d)(3)(A)(iv). *Id.* at 2-3. But the government, with the consent of Defendant's counsel, destroyed the initial set of records because they contained privileged information. Defendant has not shown that sending an appropriate set of records to the

---

[3] Alternatively, as the government did with Defendant's counsel, the government offers to arrange for production of the documents in Flagstaff, Arizona. Given the current limited staffing of its Flagstaff office due to Covid restrictions, the government requests that Defendant be required to coordinate a specific date and time if he elects to deliver the records in person at Flagstaff or another location. Doc. 262 at 4.

government would be unduly burdensome. The Court will deny Defendant's motion to quash the subpoena.

**IT IS ORDERED:**

1. The government's motions for garnishment disposition orders (CR Docs. 245-52, 254) are **granted**.

2. Garnishee Appraisals Phoenix & Estates LLC shall deliver the non-exempt property belonging to Defendant Gary Christensen (*see* CR Doc. 241) to T&T Estate Services by **November 13, 2020**. T&T Estate Services shall, as soon as reasonably practicable, liquidate the non-exempt property belonging to Defendant and pay over the liquidated amount of the property, less reasonable costs of liquidation, to the United States.

3. Garnishees Brandon Sample PLC, Guggenheim Investments, Jackson National Life Insurance, Massachusetts Mutual Life Insurance, MONY Life Insurance Company of America, National Securities Corporation, TD Ameritrade, and Alliance Bank of Arizona, shall pay over Defendant Gary Christensen's nonexempt property (*see* CR Docs. 215-16, 218-22, 224) to the United States by **November 13, 2020**.

4. Funds paid over to the United States should be in the form of a cashier's check made payable to the Clerk of the Court, and mailed to the Clerk's Office, U.S. District Court, Sandra Day O'Connor Courthouse, 401 West Washington Street, Attention Finance Division, Suite 130, SPC-1, Phoenix, Arizona 85003-2118. Checks should include the annotation "U.S. v. Gary Christensen, CR-14-08164-PCT-DGC" in the memo section.

5. Defendant's motion to quash subpoena (CR Doc. 261) is **denied**. Defendant shall comply with the subpoena either by mail, email, or in person delivery by **November 13, 2020**. Given the current limited staffing of government offices due to Covid restrictions, Defendant shall coordinate with the government to schedule a specific date and time if he elects to deliver the records in person at Flagstaff or another location.

Dated this 27th day of October, 2020.

David G. Campbell
Senior United States District Judge