WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-08164-PCT-DGC |
| Plaintiff/Respondent, | No. CV-20-8152-PCT-DGC (DMF) (Related Case) |
| v. | |
| Gary Stevens Christensen, | **ORDER** |
| Defendant/Petitioner. | |

Defendant has filed a motion to quash subpoena. CR Doc. 264.[1] The government has responded. Doc. 266. Neither party has requested oral argument. For reasons stated below, the Court will grant the motion.

**I.   Background.**

In May 2016, a jury found Defendant guilty of willful tax evasion for the 2004-2010 tax years (counts one through seven) and willful failure to file tax returns for the 2009-2010 tax years (counts thirteen and fourteen). CR Docs. 95, 101. Defendant was sentenced to 42 months in prison followed by 3 years of supervised release. CR Doc. 140 at 1. He also was ordered to pay a $750.00 special assessment and $1,603,533 in restitution to the Internal Revenue Service. *Id.* at 1-2. On December 26, 2019, Defendant was released from

---

[1] Documents filed in the criminal case, No. CR-14-08164, are cited as "CR Docs." Documents filed in the related civil action involving Defendant's petition for writ of error *coram nobis*, No. CV-20-08152, are denoted "CV Docs."

prison and placed on supervised release. *See* Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Nov. 4, 2020).

On June 22, 2020, Defendant filed a petition for writ of error challenging the restitution order. CR Doc. 244; CV Doc. 1. The petition is fully briefed (CV Docs. 24, 28), and has been referred to Judge Fine for a report and recommendation (CV Doc. 13).

On September 24, 2020, the government issued a subpoena to Forest Aire, LLC. Doc. 264 at 4-9. The government asserts that Forest Aire is the company in which Defendant holds his airplane, and that Defendant agreed to respond to the subpoena if the government sent it to him. Doc. 266 at 2. The government unsuccessfully attempted to serve the subpoena on the statutory agent for Forest Aire on October 14, 2020. Doc. 264 at 8.[2] The government emailed the subpoena to Defendant on October 22. Doc. 264 at 1. Defendant moved to quash the subpoena the next day. *Id.*

**II.    Legal Standard.**

To enforce a restitution order, the government may seek "discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure[.]" 28 U.S.C. § 3015(a); *see* 18 U.S.C. § 3613(a), (f) (the United States may enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment"). Rule 69 of the Federal Rules of Civil Procedure provides that a judgment creditor "may obtain discovery from any person – including the judgment debtor – as provided in these rules[.]" Fed. R. Civ. P. 69(a)(2). Rule 45 provides for the issuance of subpoenas commanding that documents be produced. Fed. R. Civ. P. 45(a)(1)(D). Rule 45(d)(3)(A) requires a court to grant a motion to quash where the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

---

[2] See Arizona Corporation Commission, *Entity Information*, https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=L07062210 (Forest Aire, LLC) (last visited Nov. 4, 2020).

(iv) subjects a person to undue burden." *See Strike 3 Holdings, LLC v. Doe*, No. CV-19-10674-TJH (SPx), 2020 WL 5357793, at *2 (C.D. Cal. Apr. 28, 2020).

### III.  Defendant's Motion to Quash Subpoena.

Defendant argues that the subpoena should be quashed because the government has not allowed him a reasonable time to respond. Doc. 264 at 1-2. The Court agrees.[3]

As noted, the government emailed the subpoena to Defendant on October 22. Doc. 264 at 1.[4] The subpoena commands the production of numerous documents relating to Forest Aire by October 26, only four days after Defendant received the subpoena. This four-day period is not a reasonable amount of time for Defendant to comply. *See Dixon v. Greyhound Lines, Inc.*, No. CIV.A. 13-179-JWD, 2014 WL 6474355, at *4 (M.D. La. Nov. 19, 2014) ("Plaintiff served Dr. Warner on August 27, 2014 with a subpoena that required her to produce documents by September 5, 2014. Essentially, Plaintiff unreasonably gave Dr. Warner only 9 days to comply."); *Hall v. Louisiana*, No. 12–657–BAJ–RLB, 2014 WL 1652791, at *13 (M.D. La. Apr. 23, 2014) (timeframes of 9 to 12 days to respond "are clearly unreasonable, particularly when the 14 day period for serving objections under [Rule 45(d)(2)(B)] is generally considered a reasonable time"); *Hernandez v. City of Corpus Christi*, No. C–10–186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena duces tecum that allowed 10 days for compliance). The Court will grant the motion to quash the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).[5]

/ / /

/ / /

---

[3] Defendant's contention that the restitution order is illegal as set forth in his petition for writ of error (*id.* at 2) provides no basis for quashing the subpoena. *See* CR Doc. 265 at 7-8.

[4] The cover letter to the subpoena is dated October 14 (*id.* at 3), but the government does not dispute that it emailed the subpoena to Defendant on October 22 (Doc. 266 at 2).

[5] The government issued a new subpoena to Defendant on October 29, which requires compliance by December 2 and allows for the subpoenaed records to be provided via mail or email, or in person at the United States Attorney's Office in Flagstaff, where Defendant currently resides and where Forest Aire is located. Doc. 266-1 at 12-18. Defendant has not moved to quash that subpoena.

**IT IS ORDERED** that Defendant's motion to quash the subpoena to Forest Aire, LLC dated September 24, 2020 (Doc. 264) is **granted**.

Dated this 6th day of November, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge