**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff/Respondent,<br><br>v.<br><br>Gary Stevens Christensen,<br><br>        Defendant/Petitioner. | No. CR-14-08164-PCT-DGC<br><br>No. CV-18-08235-PCT-DGC (DMF)<br>No. CV-20-08152-PCT-DGC (DMF)<br>(Related Cases)<br><br>**ORDER** |

Defendant Gary Christensen has filed a motion to quash subpoena. CR Doc. 271.[1] The motion is fully briefed. CR Docs. 272, 273. Neither party requests oral argument. For reasons stated below, the Court will deny the motion.

**I.      Background.**

In September 2014, a grand jury indicted Christensen on multiple counts of tax evasion, filing false returns, and failure to file returns for the 2004-2010 tax years. CR Doc. 1; *see* 26 U.S.C. §§ 7201, 7203, 7206. Christensen declined the government's plea offers and went to trial in May 2016. The jury acquitted Christensen on the false tax return charges (counts eight through twelve), but found him guilty on each count of tax evasion (counts one through seven) and failure to file a return (counts thirteen and fourteen). CR Docs. 95, 101. He was sentenced to 42 months in prison followed by 3 years

---

[1] Documents filed in this criminal case, No. CR-14-08164, are cited as "CR Docs." Documents filed in the collateral civil action involving Defendant's petition for writ of error *coram nobis*, No. CV-20-08152, are denoted "CV Docs."

of supervised release. CR Docs. 140, 146. He also was ordered to pay $1,603,533 in restitution to the Internal Revenue Service ("IRS"). *Id.* The Ninth Circuit affirmed the conviction and sentence. CR Doc. 166; *United States v. Christensen*, 705 F. App'x 599 (9th Cir. Dec. 1, 2017).

Christensen moved to vacate his conviction and sentence under 28 U.S.C. § 2255 in September 2018, asserting claims of ineffective assistance of counsel. Case No. CV-18-08235, Doc. 1. The Court accepted Judge Fine's recommendation that the motion be denied. *Id.*, Docs. 18, 24. Christensen attempted to appeal the ruling, but the Ninth Circuit denied his request for a certificate of appealability. *Id.*, Docs. 29, 32; *see United States v. Christensen*, No. 20-16072, 2020 WL 7048609 (9th Cir. Nov. 20, 2020).

Christensen completed his prison sentence and started supervised release in December 2019. *See* Federal BOP, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Jan. 13, 2021). Shortly thereafter, the government sought to collect restitution. Pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205, multiple writs of garnishment against Christensen's property were issued in February and May 2020. CR Docs. 181-92, 237. Each garnishee filed an answer identifying property of Christensen in its custody, possession, or control. CR Docs. 215-27, 241. The Court granted the government's motions for disposition orders on certain garnishments. CR Docs. 245-52, 254, 265.

In June 2020, Christensen filed a petition for writ of error *coram nobis* challenging the restitution order. CR Doc. 244; CV Doc. 1. The Court has granted the motion in part and denied it in part. CR Doc. 274; CV Doc. 30.

On September 24, 2020, the government issued a subpoena to Forest Aire, LLC, the company through which Christensen holds his airplane. CR Doc. 264 at 4-9; *see* CR Doc. 136 ¶ 53. Christensen agreed to respond to the subpoena if the government sent it to him. CR Doc. 266 at 2. The government unsuccessfully attempted to serve the subpoena on the statutory agent for Forest Aire on October 14. CR Doc. 264 at 8.[2] The government

---

[2] See Arizona Corporation Commission, *Entity Information*, https://ecorp.azcc.gov/

2

emailed the subpoena to Christensen on October 22. *Id.* at 1. Christensen moved to quash the subpoena the next day. *Id.* The Court granted the motion because the subpoena commanded the production of numerous documents relating to Forest Aire by October 26, only four days after Christensen received the subpoena, an unreasonable amount of time for Christensen to comply. CR Doc. 270.

The government issued a new subpoena to Christensen on October 29, requiring production of the requested Forest Aire documents by December 2. *See* CR Doc. 266-1 at 12-18. Christensen moved to quash the subpoena on November 17. CR Doc. 271.

## II. Legal Standard.

To enforce a restitution order, the government may seek "discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure[.]" 28 U.S.C. § 3015(a); *see* 18 U.S.C. § 3613(a), (f) (the United States may enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment"). Rule 69 provides that a judgment creditor "may obtain discovery from any person – including the judgment debtor – as provided in these rules[.]" Fed. R. Civ. P. 69(a)(2). Rule 45 provides for the issuance of subpoenas commanding that documents be produced. Fed. R. Civ. P. 45(a)(1)(D). Rule 45(d)(3)(A) requires a court to grant a motion to quash where the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *See Strike 3 Holdings, LLC v. Doe*, No. CV-19-10674-TJH (SPx), 2020 WL 5357793, at *2 (C.D. Cal. Apr. 28, 2020).

## III. Christensen's Motion to Quash.

Christensen contends that the subpoena should be quashed because his *coram nobis* petition shows that the "restitution order constitutes plain error, is void, and cannot . . . enforced[.]" CR Doc. 271 at 1. The Court has granted the petition in part and

BusinessSearch/BusinessInfo?entityNumber=L07062210 (Forest Aire, LLC) (last visited Jan. 13, 2020).

3

reduced the restitution amount, but Christensen still owes more than $700,000.  *See* CR Doc. 274; CV Doc. 30.  The government therefore may continue to pursue its collection efforts, including through the use of subpoenas.

Christensen asserts that the subpoena to Forest Aire violates Rule 45(c)(2)(A) because he "resides more than 100 miles from the place designated for production of documents." CR Doc. 271 at 2.  But the subpoena provides that the requested documents may be produced at the United States Attorney's Office in Flagstaff, where Christensen resides and Forest Aire is located.  CR Doc. 266-1 at 13; *see* CR Doc. 271 at 1 (listing Christensen's Flagstaff address).  Moreover, the cover letter to the subpoena makes clear that Christensen may mail or email the documents to the government.  CR Doc. 266-1 at 12.  Because the subpoena calls for the production of documents in Flagstaff, where Christensen resides, and otherwise allows production by mail or email, the subpoena does not run afoul of Rule 45(c)(1)(A).

Christensen notes that he has appealed the Court's garnishment disposition order (*see* CR Docs. 265, 267), but presents no argument that this is a basis for quashing the present subpoena (CR Doc. 271 at 2).

Christensen states that he will invoke his Fifth Amendment right to remain silent if the subpoena is not quashed.  *Id.* at 2-3.  But this Circuit has made clear that "there are no circumstances under which a records custodian may resist a subpoena for a collective entity's records on Fifth Amendment grounds." *In re Twelve Grand Jury Subpoenas*, 908 F.3d 525, 531 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 289 (2019) (affirming this Court's order holding the appellant in contempt for failing to respond to subpoenas in his capacity as a records custodian for various corporate entities); *see Fed. Sols. Grp. v. H2L1-CSC*, No. 4:17-cv-05433-KAW, 2019 WL 2525078, at *2 (N.D. Cal. June 19, 2019) ("[A]rtificial entities, such as corporations, do not enjoy Fifth Amendment protections.  For that reason, no privilege can be asserted by the custodian of corporate records, regardless of the corporation's size, because any claim by the agent is tantamount to a claim of privilege by the corporation, which possesses no such privilege.") (citing *Twelve Grand*

1  *Jury Subpoenas* and *Braswell v. United States*, 487 U.S. 99, 102 (1988)).  Christensen,
2  therefore, may not refuse to comply with the subpoena for Forest Aire records on Fifth
3  Amendment grounds.
4        **IT IS ORDERED** that Christensen's motion to quash the subpoena to Forest Aire,
5  LLC dated October 29, 2020 (Doc. 271) is **denied**.  Christensen is ordered to comply with
6  the subpoena within 30 days of this order.
7        Dated this 19th day of January, 2021.

*[Signature: David G. Campbell]*

David G. Campbell
Senior United States District Judge