WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>Gary Stevens Christensen,<br><br>Defendant/Petitioner, | No. CR-14-08164-PCT-DGC<br>No. CV-20-08152-PCT-DGC (DMF)<br><br>No. CV-18-08235-PCT-DGC (DMF)<br>(Related Case)<br><br>**ORDER** |

Defendant Gary Christensen was convicted of multiple tax-related offenses. *See* Case No. CR-14-08164. He filed a petition for writ of error *coram nobis* challenging the restitution ordered in the criminal case. CR Doc. 244; *see* CV Doc. 1.[1] The Court granted the petition with respect to Christensen's argument that a large portion of the restitution amount is for back taxes in years not covered by his convictions, but otherwise denied the petition. CR Doc. 274; CV Doc. 30.

Christensen has filed a motion for reconsideration. CR Doc. 276. For reasons stated below, the Court will deny the motion.[2]

---

[1] The Clerk of Court opened a separate civil action when the petition was filed, Case No. CV-20-08152. Documents filed in the criminal case are cited as "CR Docs." Documents filed in the civil action are denoted "CV Docs."

[2] Christensen's request for oral argument is denied because he has had an opportunity to brief the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir.1998).

### A. Background.

In September 2014, a grand jury indicted Christensen on multiple counts of tax evasion, filing false tax returns, and failure to file returns for the 2004-2010 tax years. CR Doc. 1; *see* 26 U.S.C. §§ 7201, 7203, 7206. Christensen declined the government's plea offers and went to trial in May 2016. The jury acquitted Christensen on the false tax return charges (counts eight through twelve), but found him guilty on each count of tax evasion (counts one through seven) and failure to file a return (counts thirteen and fourteen). CR Docs. 95, 101.

The Court entered judgment in October 2016, sentencing Christensen to 42 months in prison followed by 3 years of supervised release, and ordering him to pay restitution to the Internal Revenue Service ("IRS") in the amount of $1,603,533, which included back taxes for years not covered by his convictions (1997-2003 and 2011-2015). CR Doc. 140.[3] The Ninth Circuit affirmed the convictions and sentence. CR Doc. 166; *United States v. Christensen*, 705 F. App'x 599 (9th Cir. 2017).[4]

Christensen completed his prison sentence and started supervised release in December 2019. *See* Federal BOP, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited Mar. 9, 2021). Pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205, the government obtained multiple writs of garnishment against Christensen's property in February and May 2020. CR Docs. 181-92, 237. Each garnishee filed an answer identifying property belonging to Christensen in its custody, possession, or control. CR Docs. 215-27, 241. The Court granted the government's motions for disposition orders on certain garnishments. CR Docs. 245-52, 254, 265.

---

[3] The judgment subsequently was amended to correct a typo (Doc. 146) and to add a supervised release search condition (Doc. 231).

[4] Christensen moved to vacate his convictions under 28 U.S.C. § 2255 in September 2018, asserting claims of ineffective assistance of counsel. Case No. CV-18-08235, Doc. 1. The Court accepted Judge Fine's recommendation that the motion be denied. *Id.*, Docs. 18, 24. Christensen attempted to appeal the ruling, but the Ninth Circuit denied his request for a certificate of appealability. *Id.*, Docs. 29, 32; *see United States v. Christensen*, No. 20-16072, 2020 WL 7048609 (9th Cir. Nov. 20, 2020).

Christensen filed his *coram nobis* petition in June 2020, arguing that the Court's restitution order must be vacated as unlawful. CR Doc. 244; CV Docs. 1, 17 (supplement).[5] The petition was referred to Judge Fine for a report and recommendation, but the Court elected to withdraw the referral in order to resolve this matter more quickly in light of the government's ongoing collection efforts. *See* CV Docs. 21, 29. On January 19, 2021, the Court granted the petition in part and reduced the restitution amount because the Court may order restitution only for the tax years involved in the convictions (2004-2010). CR Doc. 274 at 14 (citing *United States v. Batson*, 608 F.3d 630, 637 (9th Cir. 2010)). The Court reduced the restitution amount from $1,603,533 to $579,706 for the 2010-2014 tax years, and added $202,816.19 in prejudgment interest. *Id.* at 15-16. The Court denied the petition with respect to Christensen's other arguments. *Id.* at 10-13; *see also* CV Doc. 30. The Clerk entered judgment terminating the civil case (CV Doc. 31), and entered an amended criminal judgment requiring Christensen to pay restitution to the IRS in the amount of $782,522.19 (CR Doc. 277).

Christensen filed the present motion for reconsideration on February 2, 2021. CR Doc. 276. The Court did not request a response from the government. *See* LRCiv 7.2(g)(2); LRCrim 12(a).

**B.  Reconsideration Standard.**

Motions for reconsideration are disfavored and rarely granted. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). A motion for reconsideration will be denied absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide,*

---

[5] The term "coram nobis" is Latin for "in our presence" or "before us." *See Nowlin v. United States*, 81 F. Supp. 3d 514, 519 (N.D. Miss. 2015). At common law, a *coram nobis* writ was used by "a court to vacate its own judgments 'for errors of fact in those cases where the errors are of the most fundamental character[.]'" *Flores v. Washington*, No. 2:18-CV-00177-SAB, 2018 WL 10509378, at *1 (E.D. Wash. Sept. 18, 2018) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)).

3

*Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previously made arguments. *See id.*; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (reconsideration cannot "be used to ask the Court to rethink what it has already thought through"). Mere disagreement with an order is an insufficient basis for reconsideration. *Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).

### C. Christensen's Motion for Reconsideration.

Christensen makes eight arguments as to why the Court allegedly erred in ruling on the *coram nobis* petition. CR Doc. 276 at 1-10. None has merit.

#### 1. The Government's Attempts to Collect Restitution.

The Court stated in its prior order that the government sought to collect restitution shortly after Christensen started supervised release in December 2019. CR Doc. 274 at 2. Christensen contends that the Court erred in this regard because the government demanded payment of restitution in November 2016. CR Doc. 276 at 1-2, 11. But Defendant does not explain why this alleged factual error – in the background section of the Court's order (*see* CR Doc. 274 at 2) – constitutes manifest error warranting reconsideration. *See* LRCiv 7.2(g)(1). Christensen has failed to meet his burden for reconsideration on this point. *See Am. States Ins. v. Ins. Co. of Penn.*, 245 F. Supp. 3d 1224, 1226 (E.D. Cal. 2017) ("[W]hile the Court recognizes its clerical error, it rejects any notion that said error affected its decision.").

#### 2. Payment and Collection of Restitution.

The Court summarized Christensen's *coram nobis* arguments before addressing them on the merits. CR Doc. 274 at 5. The Court described one argument as follows: "the government's collection of a civil tax that has not been assessed violates the separation of powers under the United States Constitution[.]" *Id.* Christensen contends that the Court misstated his actual argument – that ordering him "to **pay** Restitution violates the Separation of Powers[.]" CR Doc. 276 at 2 (quoting Doc. 244 at 1; emphasis in original).

Christensen argues that "Congress has mandated at 26 U.S.C. § 6201(a)(4) that criminal restitution orders must be assessed and collected by the [IRS]." *Id.*

Christensen is merely restating previous arguments. *See* Doc. 244 at 13-14 (arguing that § 6201(a)(4) requires that the IRS assess and collect restitution in criminal tax cases). The Court found, correctly, that it may "order restitution as a condition of supervised release for *any* criminal offense, including one under Title 26 of the tax code[.]" CR Doc. 274 at 11 (quoting *Batson*, 608 F.3d at 635; brackets omitted). Christensen "attempts to take a 'second bite' at issues already decided against [him]." *Am. States Ins.*, 245 F. Supp. 3d at 1226. But "[r]econsideration is 'not to be used to ask the court to rethink what it has already thought through – rightly or wrongly.'" *Id.* (quoting *Clarke v. Upton*, 2012 WL 6691914 at *1 (E.D. Cal. Dec. 21, 2012)).

### 3. Restitution Payments While Incarcerated.

The Court's initial judgment provides that Christensen "shall pay a total of $1,604,283.00 in criminal monetary penalties, due immediately." CR Doc. 140 at 2. Christensen contends that the Court erred in this regard because restitution in a criminal tax case "can only be made as a condition of supervised release." CR Doc. 276 at 3 (citing *Batson*). But Defendant paid only $50 toward his restitution obligation while incarcerated. *See* CV Doc. 24 at 6. Because this minimal payment "does not constitute a fundamental error warranting *coram nobis* relief[,]" the Court properly denied Christensen's petition to the extent it sought to eliminate the entire restitution obligation. CR Doc. 274 at 13.

### 4. The Court's Citation to *In re Jara*.

The Court noted that Christensen had failed to show in his *coram nobis* petition that restitution in criminal tax cases must be collected by the IRS and not the Department of Justice, citing *In re Jara*, No. 14-80057-G3-13, 2015 WL 542408, at *4 (Bankr. S.D. Tex. Feb. 5, 2015), for the proposition that "an assessment of tax liability is related to but separate from the imposition of criminal restitution payments[.]" *Id.* at 11. Christensen asserts that "[n]owhere in the *Jara* decision is there any evidence of attempted tax

collection of a restitution order by the DOJ." CR Doc. 276 at 4. But even if this were true, Christensen has failed to show that the Court's citation to *Jara* constitutes manifest error.

### 5. Estimated Restitution Amount.

Christensen sought *coram nobis* relief because the government did not prove at trial the "actual amount" of tax due and owing for the charged years. CR Doc. 244 at 2, 11-13. The Court rejected this argument because "a district court must make only 'a reasonable estimate of the loss, given the available information.'" CR Doc. 274 at 11 (quoting *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010); *United States v. Bussell*, 504 F.3d 956, 960 (9th Cir. 2007)).[6] Christensen attempts to distinguish *Ali* and *Bussell*, arguing that the "Court's belief that a mere estimate . . . constitutes proof of *actual loss* is . . . erroneous[.]" CR Doc. 276 at 6 (emphasis added). But proof of actual loss is not required to establish the restitution amount. *See* CR Doc. 274 at 11-12; *United States v. Sunchild*, 637 F. App'x 316, 317 (9th Cir. 2016) ("As $19,735.77 was a 'reasonable estimate' based on evidence supported by 'sufficient indicia of reliability,' the district court did not err."); *United States v. Doe*, 488 F.3d 1154, 1161 (9th Cir. 2007) (upholding restitution amounts that were "supported by the record as reasonable estimates of the loss"); *United States v. Padilla*, No. 4:17-CR-00137-DCN, 2018 WL 4365494, at *1 (D. Idaho Sept. 13, 2018) ("[T]he determination of the restitution amount is by nature an inexact science, and . . . the court may accept a reasonable estimate of the loss based on the evidence presented.") (citations and quotation marks omitted). The Court did not err in rejecting Christensen's argument that failure to prove a precise dollar amount renders the restitution order void.

### 6. The Restitution Order and Garnishment Proceedings.

Christensen asserts that the restitution order should have been vacated in its entirety, thereby rendering it "void," and that the "illegal restitution order thus being void renders all of the garnishment orders likewise void." CR Doc. 276 at 6. But Christensen cites no

---

[6] The Court also explained that the loss calculation in this case was based on a review of Christensen's financial records and IRS worksheets prepared by IRS examiner Chris Corbin, and that Mr. Corbin determined Christensen's approximate taxable income for each year in question and the resulting tax owed. *Id.* at 11-12 (citations omitted).

6

legal authority in support of this assertion. Under *Batson*, the Court has amended the judgment to reduce Christensen's restitution obligation to $579,706 for the tax years of conviction, plus $202,816.19 in prejudgment interest. CR Doc. 277; *see also* CR Doc. 274 at 16 (granting Christensen's *coram nobis* petition in part and stating that "[t]he Court's judgment will be amended to require that he pay restitution to the [IRS] in the amount of $782,522.19"); CV Doc. 31 ("The Court's judgment will be amended to require that [Christensen] pay restitution to the [IRS] in the amount of $782,522.19."). Christensen has not shown that the Court committed manifest error by reducing the amount of restitution in an amended judgment. *See Batson*, 608 F.3d at 637 (remanding the case to the district court "to ascertain the correct [restitution] amount and for amendment of the judgment").

### 7. Prejudgment Interest.

The Court declined at sentencing to include prejudgment interest in the restitution amount, noting that "a $1.6 million restitution amount is going to be difficult enough as it is for [Christensen] to satisfy, and there is no point in almost doubling the amount with prejudgment interest." CR Doc. 141 at 72-73. Because the restitution amount has now been reduced by more than 60%, the Court concluded that prejudgment interest should be included to help make the government whole for the taxes wrongfully withheld. CR Doc. 274 at 15-16; *see United States v. Adams*, 955 F.3d 238, 251-52 (2d Cir. 2020) ("[B]ecause a district court must 'order restitution to each victim in the full amount of each victim's losses,' 18 U.S.C. § 3664(f)(1)(A); *see id.* § 3556, and because prejudgment interest is part of the government's loss when delinquent taxes are not timely paid, the district court properly included accrued interest in the restitution amount[.]"); *United States v. Smith*, 944 F.2d 618, 626 (9th Cir. 1991) ("We have repeatedly held that [18 U.S.C. § 3663] authorizes restitution for a victim's 'actual losses.' Foregone interest is one aspect of the victim's actual loss, and thus may be part of the victim's compensation.") (internal citation omitted).

Christensen contends that the inclusion of prejudgment interest was erroneous because "only the estimate of tax liability" was determined at trial. CR Doc. 276 at 8. But

as previously explained, the Court was required to make only a reasonable estimate of the tax liability.  CR Doc. 274 at 11-12.

Christensen's assertion that the Court did not provide the basis for the prejudgment interest calculation is clearly wrong as the Court relied on the IRS calculations for the 2004-2010 tax years and the Probation Office's sentencing memorandum listing interest on the tax due for those years.  *See* CR Docs. 135-1, 137-1, 274 at 16.

### 8. Requested Relief.

Christensen argues that the Court failed to provide him "the relief necessary to undo the damages stemming from the void restitution order[,]" including vacating the restitution order in its entirety, dismissing the garnishment proceedings, ordering the DOJ to account for and return money and property it unlawfully seized, and holding that restitution through garnishment is not authorized.  CR Doc. 276 at 9.  But Christensen has not shown that the entire restitution order is void.  *See* Doc. 274 at 10-13 (addressing Christensen's unsuccessful arguments).  Nor has he otherwise shown that the relief the Court has provided – a substantial reduction in the restitution obligation – constitutes manifest error.

**IT IS ORDERED** that Christensen's motion for reconsideration (CR Doc. 276) is **denied**.

Dated this 16th day of March, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge