1   **WO**

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                     No. CR-14-08164-PCT-DGC

10                  Plaintiff/Respondent,          No. CV-18-08235-PCT-DGC (DMF)
                                                   No. CV-20-08152-PCT-DGC (DMF)
11   v.                                            (Related Civil Cases)

12   Gary Stevens Christensen,
                                                   **ORDER**
13                  Defendant/Petitioner.

14

15

16          Defendant Gary Christensen was convicted of multiple tax-related offenses.  *See*

17   Case No. CR-14-08164.  He was sentenced to 42 months in prison and ordered to pay

18   $579,706 in restitution, plus $202,816.19 in prejudgment interest, to the Internal Revenue

19   Service ("IRS").  CR Docs. 140, 274, 277; CV Doc. 30; *see also* 18 U.S.C. §§ 3613(a),

20   3663A.[1]

21          The government has filed motions for garnishment disposition orders (CR Docs.

22   287, 288) which are fully briefed (CR Docs. 290, 291, 293).   The Court will grant the

23   motions.  Defendant's motion for a hearing (CR Doc. 289) will be denied.

24   **I.     Background.**

25          In September 2014, a grand jury indicted Defendant on multiple counts of tax

26   evasion, filing false tax returns, and failure to file returns for the 2004-2010 tax years.

27

28          [1] Documents filed in the criminal case, No. CR-14-08164, are cited as "CR Docs."
     Documents filed in the related civil action involving Defendant's petition for writ of error
     *coram nobis*, No. CV-20-08152, are denoted "CV Docs."

CR Doc. 1; *see* 26 U.S.C. §§ 7201, 7203, 7206.  Defendant declined the government's plea offers and went to trial in May 2016.  The jury acquitted Defendant on the false tax return charges (counts eight through twelve), but found him guilty on each count of tax evasion (counts one through seven) and failure to file a return (counts thirteen and fourteen).  CR Docs. 95, 101.

The Court entered judgment in October 2016, sentencing Defendant to 42 months in prison followed by 3 years of supervised release, and ordering him to pay restitution to the IRS in the amount of $1,603,533, which included back taxes for years not covered by his convictions (1997-2003 and 2011-2015).  CR Doc. 140.  The Ninth Circuit affirmed the convictions and sentence.  CR Doc. 166; *United States v. Christensen*, 705 F. App'x 599 (9th Cir. 2017).[2]

Defendant completed his prison sentence and was placed on supervised release in December 2019.  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Aug. 22, 2022).  Defendant made some minimal restitution payments while incarcerated, but still owed a substantial amount to the IRS upon his release.  *See* CR Doc. 292-1.

Pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205, the government obtained multiple writs of garnishment against Defendant's property in February and May 2020.  CR Docs. 181-92, 237.[3]  Each garnishee filed an answer identifying property belonging to Defendant in the garnishee's custody, control, or possession.  CR Docs. 215-27, 241.  The Court granted the government's motions for

---

[2] Christensen moved to vacate his convictions under 28 U.S.C. § 2255 in September 2018, asserting claims of ineffective assistance of counsel.  Case No. CV-18-08235, Doc. 1.  The Court accepted Judge Fine's recommendation that the motion be denied. *Id.*, Docs. 18, 24.  Christensen attempted to appeal the ruling, but the Ninth Circuit denied his request for a certificate of appealability.  *Id.*, Docs. 29, 32; *see United States v. Christensen*, No. 20-16072, 2020 WL 7048609 (9th Cir. Nov. 20, 2020).

[3] The Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, "allows the government to enforce restitution orders pursuant to the FDCPA or individual state laws." *United States v. Swenson*, 971 F.3d 977, 979 n.1 (9th Cir. 2020) (citing *In re Partida*, 862 F.3d 909, 913 (9th Cir. 2017)).  Section 3205 "sets forth the procedures for garnishment if the government elects to proceed under the FDCPA." *Id.*

disposition orders on certain garnishments.  CR Doc. 265; *see* CR Docs. 245-52, 254.  The Court's order was affirmed on appeal.  CR Doc. 284; *United States v. Christensen*, 845 F. App'x 635 (9th Cir.), *cert. denied*, 142 S. Ct. 348 (2021).

Defendant filed a *coram nobis* petition in June 2020, arguing that the restitution judgment should be vacated as unlawful.  CR Doc. 244; CV Docs. 1, 17.[4]  The Court granted the petition in part and reduced the restitution amount because the Court may order restitution only for the tax years involved in the convictions (2004-2010).  CR Doc. 274 at 14 (citing *United States v. Batson*, 608 F.3d 630, 637 (9th Cir. 2010)).  The Court reduced the restitution amount from $1,603,533 to $579,706 for the 2010-2014 tax years, and added $202,816.19 in prejudgment interest.  *Id.* at 15-16.  The Court denied the petition with respect to Defendant's other arguments.  *Id.* at 10-13; *see also* CV Doc. 30.[5]  The Clerk entered judgment terminating the civil case (CV Doc. 31) and entered an amended criminal judgment requiring Defendant to pay restitution to the IRS in the total amount of $782,522.19 (CR Doc. 277).

The government has collected $431,903.42 through payments and garnishments.  *See* CR Docs. 292 at 2, 292-1.  As of July 22, 2022, Defendant owed a balance of $350,618.77.  *Id.*

## II.   The Government's Motion re Garnishee Armour Self Storage Flagstaff, Inc.

The government served a writ of garnishment on Armour Self Storage Flagstaff ("Armour") in February 2020.  CR Doc. 182.  Armour answered the writ on March 2, 2020, stating that the contents of the storage unit Defendant was renting was within Armour's custody, control, or possession.  CR Doc. 217.  Defendant filed objections to Armour's answer on August 28, 2020.  CV Doc. 22.

---

[4] The term "coram nobis" is Latin for "in our presence" or "before us."  *See Nowlin v. United States*, 81 F. Supp. 3d 514, 519 (N.D. Miss. 2015).  At common law, a *coram nobis* writ was used by "a court to vacate its own judgments 'for errors of fact in those cases where the errors are of the most fundamental character[.]'"  *Flores v. Washington*, No. 2:18-CV-00177-SAB, 2018 WL 10509378, at *1 (E.D. Wash. Sept. 18, 2018) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)).

[5] The Court denied Defendant's motion for reconsideration.  *See* CR Docs. 276, 279.

The Armour garnishment was one of fourteen issued in the same timeframe.  *See* CR Docs. 181-92, 237.  In September 2020, the government moved for garnishment disposition orders on nine of the fourteen garnishments (CR Docs. 245-252, 254) and proceeded with discovery on the Armour garnishment and several others (*see* CR Doc. 287 at 3).  In October 2020, the Court denied Defendant's objections to the garnishments as untimely and granted the government's motions for disposition orders.  CR Doc. 265.

With respect to the Armour garnishment, Defendant claimed that his items in storage were "exempt personal property including furniture, clothing, toys and household items[.]"  CV Doc. 22 at 5.  Defendant also claimed that the storage unit had not been inventoried.  *Id.*

Through a subpoena, the government inspected the storage unit and inventoried the property, in Defendant's presence.  CR Doc. 287 at 3.  During that process, precious metals were found – three bags of silver half dollars and one bag of silver quarters worth more than $30,000.  *Id.*  The coins have been securely held by a third party, T & T Estates Services LLC.  *Id.*

Pursuant to § 3205(c)(7) of the FDCPA, the government moves for a disposition order directing Armour, by and through T & T Estate Services or another liquidator identified by the government, to liquidate the non-exempt property belonging to Defendant – the precious metals found in the Armour storage unit – and pay over the liquidated amount of the property, less reasonable costs of liquidation, to the government.  CR Doc. 287 at 3; *see also* CR Doc. 287-1.

Defendant does not specifically object to a disposition order with respect to Armour. *See* CR Docs. 290, 291.  Instead, he challenges the legality of the restitution order and repeats arguments made in his *coram nobis* petition and earlier garnishment proceedings. For example, he argues that the restitution order is based on a fraudulent "actual loss" claim to the IRS and that the Court relied on false statements and fraudulent spreadsheets in calculating the restitution amount.  CR Docs. 290 at 1-2, 291 at 1-2.  Defendant acknowledges that these issues were fully briefed in his *coram nobis* petition.  CR Doc.

290 at 1-2.  The Court previously rejected these arguments and will not reconsider them here.  *See* CR Docs. 265, 276, 279; *see also* CR Doc. 292 at 3-4 (noting that a defendant cannot use garnishment proceedings to collaterally attack the legality of a restitution order) (citations omitted).

Defendant complains that there has been no accounting of restitution payments made to the Clerk's Office.  CR Doc. 290 at 1.  This issue is now moot given that the government has provided an accounting in its reply.  *See* Docs. 292-1, 292-2.

Defendant's request for an accounting of IRS levies is misplaced.  *See* CR Doc. 290 at 1-2.  It appears that Defendant may owe taxes as part of a separate civil matter, and the IRS's levies – including those on Defendant's Social Security benefits – are not part of the enforcement of the criminal restitution order in this case.  *See* CR Doc. 292 at 4.[6]

The Court will grant the government's motion for a garnishment disposition order with respect to Armour.  CR Doc. 287; *see* § 3205(c)(7); *United States v. Gorshe*, No. 1:20-MC-00042-BAM, 2020 WL 5905358, at *2 (E.D. Cal. Oct. 6, 2020) ("After the garnishee files an answer, and if no hearing is requested within the required time period, the Court must promptly enter an order directing the garnishee as to the disposition of the judgment debtor's property.") (citing § 3205(c)(7)); *United States v. Diaz Landa*, No. 1:18-mc-00020-DAD-BAM, 2019 WL 3026993, at *2 (E.D. Cal. July 11, 2019) ("Pursuant to 28 U.S.C. § 3205(c)(7), as no hearing was requested during the applicable time period, the Court must enter an order directing the Garnishee as to the disposition of the bank accounts."); *see also* CR Doc. 265 (order granting other motions for garnishment disposition orders).

### III.    The Government's Motion re Garnishee National Securities Corporation.

The government served a writ of garnishment on National Securities Corporation ("NSC") in February 2020.  CR Doc. 191.  NSC filed its answer on March 6, 2020, stating that $8,314.36 belonging to Defendant was in NSC's custody, control, or possession.  CR

---

[6] The government notes that to the extent any civil collection overlaps with the criminal restitution enforcement, the United States Attorney's Office will work to ensure any overlapping payment is credited toward criminal restitution.  *Id.*

Doc. 224 at 1.  The funds were in a brokerage account held by NSC's custodian, National Financial Services ("NSF").  *Id.*[7]  On October 27, 2020, the Court granted the government's motion for a garnishment disposition order directing NSC to pay over Defendant's nonexempt property to the United States.  CR Docs. 250, 265.

NSC, in its attempt to comply with the Court's order, requested NFS to turn over the funds to the United States.  *See* CR Doc. 288 at 2.  NFS has informed the government that it requires an order directing it, rather than NSC, to liquidate and turn over the funds it holds as the custodian for NSC.  *See id.*  The government requests an amended disposition order in this regard.  *Id.*  Defendant does not address the request in his responses.  *See* CR Docs. 290, 291.

The Court will grant the government's motion for an amended garnishment disposition order with respect to NSC and its custodian, NSF.  CR Doc. 288; *see* § 3205(c)(7); *Gorshe*, 2020 WL 5905358, at *2.

## IV.  Defendant's Motion for a Hearing.

Defendant moves for a hearing to establish an accounting of all monies collected and disbursed by the Clerk of Court, the Department of Justice, and the IRS.  CR Doc. 289. The motion will be denied.

As noted, the government has provided Defendant an accounting, as of July 22, 2022, of all payments made toward the restitution he owes.  *See* CR Docs. 292 at 6, 292-1, 292-2.  A hearing to determine criminal restitution payments is therefore unnecessary, and any civil levies or payments collected by the IRS are not part of these garnishment proceedings.  *See* CR Doc. 291 at 6.[8]

What is more, any hearing on garnishments must be limited to determining the validity of claimed exemptions, the government's compliance with statutory requirements,

---

[7] The account is identified by its last four digits, 7569.  *See id.*; CR Doc. 288 at 2.

[8] Defendant asserts in his reply that the government has failed to provide an annual accounting on each garnishment as required by § 3205(c)(9).  CR Doc. 293 at 3.  The government is directed to comply fully with § 3205(c)(9) and provide Defendant with any necessary accountings.

and the validity of any default judgment.  *See* 28 U.S.C. § 3202(d); *United States v. Pedro*, No. CR-06-0513-PHX-ROS, 2011 WL 2262226, at *2 (D. Ariz. May 16, 2011) ("If a garnishment hearing were held in this case, the issues to be considered at such a hearing are quite limited [under] Section 3202(d). . . .  [S]ince Pedro's debt (restitution) has been reduced to judgment, the scope of any hearing is limited to the validity of any claim of exemption and the Government's compliance with the statutory requirements for the garnishment process.") (citing § 3202(d)(1)-(2)).  Defendant claims no statutory exemption and does not contend that the government has failed to satisfy statutory requirements.  Furthermore, the time for requesting a hearing on the garnishments has passed.  *See* § 3205(c)(5) (providing that any objection or request for a hearing must be made "[w]ithin 20 days after receipt of the [garnishee's] answer"); CR Doc. 238 at 1 (giving Defendant until July 6, 2020 to respond to the garnishments); CR Doc. 265 at 6 (finding that Defendant had failed to show good cause or excusable neglect for his failure to file objections (or a hearing request) by the July 6 deadline).

**IT IS ORDERED:**

1.      The government's motion for a garnishment disposition order (CR Doc. 287) is **granted**.  Garnishee Armour Self Storage Flagstaff, Inc., by and through T & T Estate Services LLC or other liquidator identified by the government, is directed to liquidate the non-exempt property (the precious metals found in the storage unit) belonging to Defendant and pay over the liquidated amount of the property, less reasonable costs of liquidation, to the United States.

2.      The government's motion for an amended garnishment disposition order (CR Doc. 288) is **granted**.   National Financial Services, as custodian for Garnishee National Securities Corporation, is directed to liquidate and pay over the entire balance of Defendant's property, specifically, National Securities Corporation Premiere Select IRA brokerage account number ending in 7569, to the United States within 14 days of the date of this Order.

3.     Funds paid over to the United States should be in the form of a cashier's check made payable to the Clerk of Court, and mailed to the Clerk's Office, U.S. District Court, Attention Finance Division, 401 W. Washington Street, SPC 1, Suite 130, Phoenix, Arizona 85003-2118.   Checks should include the annotation "U.S. v. Gary Steven Christensen, CR 14-08164-PCT-DGC" in the memo section.

4.     Defendant's motion for a hearing (CR Doc. 289) is **denied**.

Dated this 24th day of August, 2022.

David G. Campbell
Senior United States District Judge