**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff/Respondent,<br><br>v.<br><br>Gary Stevens Christensen,<br><br>　　　　　Defendant/Petitioner. | No. CR-14-08164-PCT-DGC<br><br>No. CV-18-08235-PCT-DGC (DMF)<br>No. CV-20-08152-PCT-DGC (DMF)<br>(Related Civil Cases)<br><br>**ORDER** |

Defendant Gary Christensen was convicted of multiple tax-related offenses. Docs. 95, 101. He was sentenced to 42 months in prison and ordered to pay restitution to the Internal Revenue Service ("IRS"). Docs. 140, 277.

In August 2022, the Court issued an order granting the government's motions for garnishment disposition orders. Doc. 295. Defendant has filed a motion to alter or amend that order. Doc. 296. The motion will be denied.

**I.    Background.**

In September 2014, a grand jury indicted Defendant on multiple counts of tax evasion, filing false tax returns, and failure to file returns for the 2004-2010 tax years. Doc. 1. Defendant declined the government's plea offers and went to trial in May 2016. The jury acquitted Defendant on the false tax return charges, but found him guilty on each count of tax evasion and failure to file a return. Docs. 95, 101.

The Court entered judgment in October 2016, sentencing Defendant to 42 months in prison followed by 3 years of supervised release, and ordering him to pay restitution to the IRS in the amount of $1,603,533, which included taxes for years not covered by his convictions (1997-2003 and 2011-2015).  Doc. 140.  The Ninth Circuit affirmed the convictions and sentence.  Doc. 166; *United States v. Christensen*, 705 F. App'x 599 (9th Cir. 2017).

Defendant completed his prison sentence and was placed on supervised release in December 2019.  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Dec. 15, 2022).  Defendant made some minimal restitution payments while incarcerated, but still owed a substantial amount to the IRS upon his release.  *See* Doc. 292-1.

The government obtained multiple writs of garnishment against Defendant's property in February and May 2020.  Docs. 181-92, 237.  Each garnishee filed an answer identifying property belonging to Defendant in the garnishee's custody, control, or possession.  Docs. 215-27, 241.  The Court granted the government's motions for disposition orders on certain garnishments.  Doc. 265.  The Court's order was affirmed on appeal.  Doc. 284; *United States v. Christensen*, 845 F. App'x 635 (9th Cir.), *cert. denied*, 142 S. Ct. 348 (2021).

Defendant filed a *coram nobis* petition in June 2020, arguing that the restitution judgment should be vacated as unlawful.  Doc. 244; *see* Doc. 1, No. CV-20-08152.[1]  The Court granted the petition in part and reduced the restitution amount because the Court may order restitution only for the tax years involved in the convictions, 2004-2010.  Doc. 274 at 14.  The Court reduced the restitution amount from $1,603,533 to $579,706, and added $202,816.19 in prejudgment interest.  *Id.* at 15-16; Doc. 277.  The Court denied the petition

---

[1] The term "coram nobis" is Latin for "in our presence" or "before us."  *See Nowlin v. United States*, 81 F. Supp. 3d 514, 519 (N.D. Miss. 2015).  At common law, a *coram nobis* writ was used by "a court to vacate its own judgments 'for errors of fact in those cases where the errors are of the most fundamental character[.]'"  *Flores v. Washington*, No. 2:18-CV-00177-SAB, 2018 WL 10509378, at *1 (E.D. Wash. Sept. 18, 2018) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)).

with respect to Defendant's other arguments (*id.* at 10-13), and denied Defendant's motion for reconsideration (Doc. 279). The Ninth Circuit affirmed. Doc. 286; *United States v. Christensen*, No. 21-15515, 2022 WL 576015, at *1 (9th Cir. Feb. 25, 2022), *cert. denied*, 143 S. Ct. 406 (2022).

The government moved for disposition orders with respect to the garnishments on Armour Self Storage Flagstaff and National Securities Corporation. Docs. 287-88; *see* Docs. 182, 191. The Court granted the motions. Doc. 295. Defendant requests that the Court alter or amend that order. Doc. 296.

**II.   Discussion.**

Defendant contends that the order should be altered or amended "to correct clear error." Doc. 296 at 2. But Defendant identifies no clear error in the order, nor does he challenge the granting of the motions for garnishment disposition orders.

In the background section of the order, the Court explained that it had "reduced the restitution amount from $1,603,533 to $579,706 for the 2010-2014 tax years[.]" Doc. 295 at 3. Defendant notes that "[t]here was never a restitution amount of $1,603,533 for the convicted years, 2004-2010." Doc. 296 at 2. True, but the Court made clear in the order that it had "reduced the restitution amount because the Court may order restitution only for the tax years involved in the convictions (2004-2010)." Doc. 295 at 3. To be clear, the Court reduced the initial restitution amount of $1,603,533, which covered the 1997-2015 tax years (*see* Doc. 140), and imposed restitution in the amount of $579,706 (plus interest) for the 2004-2010 tax years (*see* Docs. 274, 277).

Defendant is correct that "there is no restitution owed for the eliminated years, 1997-2003 and 2011-2015." Doc. 296 at 2. But Defendant has not shown that the purported "error" in the background section of the order warrants altering or amending the order. *See* Doc. 279 at 4 (denying Defendant's motion for reconsideration and explaining that he "does not explain why [the] alleged factual error – in the background section of the Court's order – constitutes manifest error warranting reconsideration") (citations omitted).

Defendant presents evidence appearing to show that the IRS is attempting to collect on restitution based assessments ("RBA") for tax years other than 2004-2010. Doc. 296 at 3-6; *see also* Docs. 291-1 at 1, 297 at 3-5. Defendant contends that "the IRS is misapplying payments and levies for RBA for years[] 1997-2003 and 2011-2015 which were removed [in] the amended judgment." Doc. 296 at 2. He claims that "the levies by the IRS . . . overlap and should be credited toward the total of both DOJ and IRS collections." *Id.*

The government previously stated that "the [IRS] levies are not part of the enforcement of the criminal restitution judgment" and it appears that Defendant "may owe taxes as part of a civil matter." Doc. 292 at 4. The government further stated that "[t]o the extent any civil collection overlaps with the criminal restitution enforcement, the United States Attorney's Office – Financial Litigation Program will work to ensure any overlapping payment is credited toward criminal restitution." *Id.* The Court will direct the United States Attorney's Office to work with the IRS to resolve these issues.

**IT IS ORDERED:**

1. Defendant's motion to alter or amend the Court's order (Doc. 296) is **denied**.

2. The United States Attorney's Office is directed to work with the IRS to ensure that any tax collection for years other than 2004-2010 is not based on a restitution based assessment and that any overlapping tax payments are properly credited.

Dated this 20th day of December, 2022.

David G. Campbell
Senior United States District Judge